380 P.2d 13

Henry S. STOLWORTHY, Plaintiff-
Appellant,

v.

MORRISON–KAISER F & S and Employers
Mutual of Wausau, Defendants-Appellees.

No. 7152.

Supreme Court of New Mexico.

March 20, 1963.

Dolan & Clear, Warren F. Reynolds, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie, Joseph J. Mullins, Albuquerque, for appellees.

CARMODY, Justice.

Appellant seeks a reversal of the trial court's action in dismissing his workmen's compensation claim after trial.

The principal argument advanced is an attack on certain findings as being not supported by substantial evidence.

Appellant has carefully set forth, in his brief, testimony which, appearing by itself, is contrary to the findings made. However, appellees point out evidence, in some instances from the same witnesses, which supports the findings. In such a situation, we will not substitute our judgment for that of the trial court. In this connection, Yates v. Matthews, N.M., 379 P.2d 441, is directly controlling, even to the extent that, in Yates, as in the instant case, a considerable portion of the conflict was in the opinions voiced by the expert medical witnesses. All other questions raised by appellant, except point 2 hereafter discussed, are also directly disposed of by the Yates case and are without merit.

Appellant also quarrels with the trial court's conclusion No. 1. The court found, generally, that the appellant had an accident while working for the appellee employer, on July 2, 1960; that as a result, appellant consulted a doctor and was hospitalized. It is apparent from the findings and the admissions by counsel that the appellant is entitled to two days' compensation for this particular period. The court made additional findings as to the work done by appellant following the short period of hospitalization and his consulting with another doctor, followed by the findings as to work, an operation and additional work for other employers almost up to the time of trial, at a wage equal or greater than that which he was receiving from the appellee employer.

The findings, considered in their entirety, are to the effect that, although appellant

received an injury on July 2, 1960, his subsequent work history and consultations with other doctors showed that the disability experienced by appellant at the time of trial was not related to the accident or hospitalization in July of 1960. The court then made the conclusion which is attacked, that "the plaintiff did not sustain an accidental injury * * * on July 2, 1960." The subsequent conclusions relate to appellant's disability at the time of trial and the fact that the court was not convinced that appellant had established as a medical probability that his disability was a natural and direct result of the claimed accident of July 2d.

█ Thus, except for the one particular conclusion that there was no accidental injury, all of the court's findings and conclusions are to the effect that there was an accidental injury, but that it had no effect on appellant's present disability. Minor v. Homestake-Sapin Partners Mine, 1961, 69 N.M. 72, 364 P.2d 134.

We have many times held that the findings of the court should be considered in their entirety. It would therefore seem that the one conclusion at variance with all of the rest of the court's decision and judgment should be disregarded. Appellant cannot rely on this one erroneous conclusion to justify a reversal of the entire case. See Douglass v. Mutual Ben. Health & Accident Ass'n, 1937, 42 N.M. 190, 76 P.2d 453; Evans v. Evans, 1940, 44 N.M. 223, 101 P.2d 179; and Schmitz v. New Mexico State Tax Commission, 1951, 55 N.M. 320, 232 P.2d 986. After all, appellant contended that he was totally and permanently disabled from the particular accident and the court concluded otherwise as to his disability. Thus, whether there was an accident on July 2, 1960, or not, has no bearing upon appellant's right to recover total disability in the light of the facts as found by the court.

█ It is pointed out by counsel that appellant is entitled to two days' compensation, and this is true. Even though we recognize the doctrine of de minimis, still, this being a workmen's compensation case, appellant must be granted all compensation to which he is entitled. Therefore, although appellant's points of error are without merit, yet the case must be reversed in part, in order that the appellant may be granted the compensation to which he is entitled.

The case will be reversed and remanded to the trial court, with instructions that it set aside its judgment and enter a new one, granting to the appellant two days' compensation for the period hereinabove discussed. In all other respects, the cause will be affirmed. It is so ordered.

COMPTON, C. J., and MOISE, J., concur.