■ MOORE GOLF, INC., Respondent, v LAKEOVER GOLF AND COUNTRY CLUB, INC., et al., Appellants.—In an action *inter alia* to foreclose a mechanic's lien on real property, defendants appeal from a judgment of the Supreme Court, Westchester County, dated July 29, 1974, which, after a nonjury trial, *inter alia,* (1) directed that the subject premises be sold at auction and that the proceeds be used to pay a specified amount to plaintiff and (2) directed judgment for plaintiff for the deficiency if the proceeds of such sale are insufficient to satisfy the amount thus fixed. Judgment reversed, on the law and in the interests of justice; so much of the complaint as seeks to impose liability on defendant Waxman for any deficiency is dismissed; and new trial granted as to the remainder of the complaint and defendant Landover's counterclaim, with costs to abide the event. The questions of fact have not been considered on this appeal. Plaintiff brought this suit upon a contract with defendant Lakeover Golf and Country Club, Inc., wherein, for $100,000, plaintiff agreed to finish and seed a golf course under the directions of Lakeover's golf course architect. Lakeover is the lessee of the real property which was to be transformed into a golf course; Waxman is the owner in fee simple of the property. The contract provided for weekly payments "on acceptance by the Architect" of work performed by plaintiff. It is conceded that Lakeover paid plaintiff $50,000 in accordance with two submitted invoices. A third invoice, stating that 70% of the work was completed and calling for payment of an additional $20,000, was presented to the architect for payment and the architect signed this invoice approving payment. Upon failure to receive payment, plaintiff brought this action. Lakeover counterclaimed, alleging that the work completed had been performed poorly. At the trial, the architect testified that, while he signed the third invoice on the assurance of plaintiff's vice-president that 70% of the work had been done, he did so with the express agreement of the vice-president that payment was not to be made until after he (the architect) had made a physical inspection of the course. Following that inspection, he concluded that only 50% of the work had been completed and that such work had been performed improperly. The record is conflicting as to whether any of plaintiff's officers had been asked to accompany the architect during his inspection. The original Trial Justice before whom this case was tried without a jury died prior to rendering a decision. The case was then transferred, upon stipulation of the parties, to another Justice for decision on the basis of the transcript, exhibits, briefs and other filed documents. That Justice, in ruling in plaintiff's favor, concluded that "the approval by the Architect of the third invoice was never successfully repudiated by the defendants." By so concluding, he apparently discounted that part of the architect's trial testimony that he had signed the invoice conditionally. The resolution of this case hinges in large measure on the credibility of trial witnesses—especially that of the golf course architect. Under these circum-

stances, we are of the view that, in the interests of justice, a new trial is warranted in order that the testimony may be considered by a Trial Justice who hears and sees the witnesses. Finally, we conclude that the trial court erred in directing a deficiency judgment against Waxman. There is no evidence in the record that Waxman is liable to plaintiff for payment of the contract price, or any part of it, or for any services performed by plaintiff in the finishing and seeding of the golf course; therefore, Waxman is not liable for any resulting deficiency. Hopkins, Acting P. J., Martuscello, Christ, Munder and Shapiro, JJ., concur.