No. 80-403

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

_____

LARRY PAUL HUNT,

Claimant and Appellant,

-vs-

THE SHERMAN WILLIAMS COMPANY,
Employer,

and

AETNA CASUALTY & SURETY CO.,

Defendant and Respondent.

_____

Appeal from: Workers' Compensation Court, The Honorable
Jack Green, Judge presiding.

Counsel of Record:

For Appellant:

Keefer, Roybal & Hanson, Billings, Montana

For Respondent:

Anderson, Symmes, Brown, Gerbase, Cebull &
Jones, Billings, Montana

_____

Submitted on Briefs: January 8, 1981

Decided: March 4, 1981

Filed: MAR 4 - 1981

Thomas J. Kearney
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Larry Paul Hunt (Hunt) appeals from the decision of the Workers' Compensation Court denying his claim for benefits for back injuries claimed to have been suffered while Hunt was employed by the Sherwin-Williams Company (Sherwin-Williams). We affirm the decision.

Hunt was employed as the manager of the Sherwin-Williams paint store in Missoula, Montana, from October 1976 to September 12, 1979. Hunt was manager of Sherwin-Williams at the time of the claimed injuries. His immediate supervisor was the district manager stationed at Salt Lake City, Utah.

Hunt testified to the following injuries to his back:

(1) Hunt testified that he injured his back while lifting a roll of carpeting at work in September 1977. He lost no time from work following this injury. As hereafter described, Hunt gave no notice until September 1979.

(2) Hunt testified that he again injured his back at work while lifting a five-gallon can of paint on November 27, 1978. He lost no time from work. As hereafter described, Hunt gave no notice until September 1979. Hunt testified to limited medical treatment after this injury. Payment for such treatment was through his health insurance and out of his own pocket.

(3) Hunt testified that on August 10, 1979, while vacationing in California, he hurt his back while golfing. Hunt saw a chiropractor for treatment of this injury.

(4) Hunt testified that on August 19, 1979, he injured his back while golfing in Missoula. He was admitted to St. Patrick's Hospital on August 21, 1979, and was treated for a period of eight days for his back. Hunt does not contend

these golfing injuries are related to employment by Sherwin-Williams.

Hunt returned to work for a short time, and resigned from Sherwin-Williams on September 12, 1979. Hunt filed for workers' compensation on September 17, 1979. Sherwin-Williams first received written notice of the alleged on-the-job injuries and first obtained actual knowledge thereof in September 1979. No other written notice was received by Aetna Casualty & Surety Company (Aetna), the compensation carrier for Sherwin-Williams.

A workers' compensation hearing was held on February 7, 1980, before Sam Haddon, hearings officer. Mr. Haddon reported that "the record contains no substantial creditable evidence that the back pain first reported on September 12, 1979 was the result of an injury as that term is defined in the Workers' Compensation Act." Mr. Haddon also stated that the record was wholly lacking creditable medical evidence of a causal connection between the back pain referred to in the claim for compensation and either of the injuries referred to in the claim form.

Judge Jack Green, acting Workers' Compensation Judge, ruled against Hunt. Judge Green made extensive findings, including findings that until September 12, 1979, Hunt did not give notice either orally or in writing to his immediate supervisor or to Sherwin-Williams. He further found that Sherwin-Williams and Hunt's district manager did not have actual knowledge of either of the claimed injuries until September 1979. Judge Green's conclusions of law included the conclusion that the actual knowledge exception in section 39-71-603, MCA, was not satisfied by Hunt giving notice to himself. In addition Judge Green made the following con-

clusion of law:

> "The Claimant failed to prove, by a preponderance of probative credible evidence that the back pain for which the claim for compensation was submitted was the result of a compensable injury in the course and scope of his employment with the Employer."

Despite the finding that he suffered no compensable injury, appellant Hunt raises only one issue on the appeal: when the employer's managing agent is injured, does the mere occurrence of the accident and injury constitute actual knowledge on the part of the employer or his managing agent so as to satisfy the actual knowledge requirement of section 39-71-603, MCA? That section read as follows at the time of appellant's claimed injuries in 1977 and 1978:

> "Notice of claims for injuries other than death to be submitted within sixty days--exception--actual notice. No claims to recover compensation under this [act] for injuries not resulting in death shall be maintained unless, within sixty days after the occurrence of the accident which is claimed to have caused the injury, notice in writing stating the name and address of the person injured, the time and place where the accident occurred, and the nature of the injury and signed by the person injured or someone in his behalf shall be served upon the employer or the insurer, except as otherwise provided in 39-71-602. However, actual knowledge of such accident and injury on the part of such employer or his managing agent or superintendent in charge of the work upon which the injured employee was engaged at the time of the injury shall be equivalent to such service."

Hunt admitted in his testimony that he had not notified Sherwin-Williams or Aetna in writing (or orally for that matter) of the injuries which he claimed occurred in September 1977 and November 1978, until September 1979, far beyond the 60-day period required in the statute. Neither Sherwin-Williams nor Aetna had actual knowledge of the claimed injuries prior to September 1979, when Hunt resigned and filed his compensation claim. Hunt argues that if one of Hunt's subordinates at Sherwin-Williams had injured himself at work, and if Hunt as manager had obtained actual knowledge

-4-

of the injury, the statute would have been satisfied. Accordingly, Hunt argues that his actual knowledge of his own personal injury met the knowledge requirements of the statute. This argument ignores the purpose of the notice or knowledge requirement.

"The purpose of the notice requirement or actual knowledge in lieu thereof is to enable the employer to protect himself by prompt investigation of the claimed accident and prompt treatment of the injury involved with a view toward minimizing its effects by proper medical care." Bender v. Roundup Mining Co. (1960), 138 Mont. 306, 313, 356 P.2d 469, 473. The Bender case further points out that the notice or knowledge provision of the statute is "mandatory and compliance with its requirements is indispensable to the maintenance of a claim for compensation." Bender, 356 P.2d 470, and cases there cited.

In the present case, Hunt clearly was an employee of Sherwin-Williams. He failed to give written notice to either Sherwin-Williams or Aetna. Sherwin-Williams had no actual knowledge of a claimed injury until at least eleven months after the second claimed injury. The result was that neither Sherwin-Williams nor Aetna could protect themselves by prompt investigation of the claimed accident and prompt treatment of the injury. We hold that knowledge by Hunt of his claimed injury, even though he was manager of the Missoula store, does not constitute actual knowledge by a managing agent or superintendent under section 39-71-603, MCA.

Appellant Hunt has not taken issue with the finding by the compensation court of the absence of compensable injury. Hunt failed to submit a medical report or medical or other evidence to prove either injury or a causal connection to employment. "Findings of fact shall not be set aside unless

clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Rule 52(a), M.R.Civ.P. We conclude that the lower court's finding of an absence of a compensable injury was not clearly erroneous.

Because Hunt failed to prove a compensable injury and failed to meet the notice or actual knowledge requirements of the Workers' Compensation Act, the decision of the compensation court is affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices