725 P.2d 255

**Joseph GRUDZINA, Plaintiff-Appellee and Cross-Appellant,**

v.

**NEW MEXICO YOUTH DIAGNOSTIC & DEVELOPMENT CENTER, and the Travelers Insurance Company, Defendants-Appellants and Cross-Appellees.**

**No. 8306.**

Court of Appeals of New Mexico.

May 8, 1986.

Certiorari Quashed Aug. 18, 1986.

Martha A. Daly, Rothstein, Bailey, Bennett, Daly & Donatelli, Santa Fe, for plaintiff-appellee and cross-appellant.

Stephan M. Vidmar, Miller, Stratvert, Torgerson & Brandt, P.A., Albuquerque, for defendants-appellants and cross-appellees.

## OPINION

MINZNER, Judge.

Defendants appeal the trial court's decision to award plaintiff one day's compensation and attorney fees. Defendants contend that one day's temporary disability is not compensable under the Workmen's Compensation Act, NMSA 1978, Sections 52–1–1 through 52–1–69, and that the trial court awarded excessive attorney fees. Plaintiff cross-appeals, claiming the trial court erred in failing to find that he was temporarily totally disabled from the time he resigned to the time of trial and in failing to award past and future medical and rehabilitation benefits. Plaintiff contends that the trial court was bound by uncontradicted medical testimony to find plaintiff was temporarily totally disabled from May 4, 1982 to September 14, 1983.

The district court judge who entered judgment signed and filed findings of fact and conclusions of law prepared by his predecessor, who was the trial judge. Because this court recently ruled, on similar facts, that a successor judge had no power

to sign and enter a decision, *see Pritchard v. Halliburton Services,* 104 N.M. 102, 717 P.2d 78 (Ct.App.1986), we ordered the parties to brief two additional issues: (1) whether the trial court had authority to enter findings of fact and conclusions of law when it had not heard any of the evidence, but when neither party objected to its action, and (2) whether this court may raise the issue when neither party objected at trial nor raised the issue on appeal.

We now hold that although the trial court lacked authority to enter findings of fact and conclusions of law, neither jurisdictional nor fundamental error is involved. Thus, no appellate issue was preserved. As to the merits of the appeal, we hold that the uncontradicted medical testimony rule is not applicable on these facts and that the relevant findings are supported by substantial evidence. We also hold, however, that an award of one day's benefits is not contemplated by the Act. Because plaintiff cannot recover any compensation, he cannot recover attorney fees or other benefits; we do not reach the issue of whether the attorney fees awarded were excessive.

*Facts and Procedural Background*

In 1943, plaintiff was diagnosed as having an epileptic condition, and he began receiving partial disability benefits from the Veteran's Administration (VA). In 1948, he was diagnosed as suffering a seizure disorder; he receives a one hundred percent VA disability benefit. The parties stipulated prior to trial that under federal law, plaintiff's disability rating as a veteran is protected from change because it was established over twenty years ago. Plaintiff's seizures became uncontrolled in 1967, and he began receiving benefits from the Social Security Administration for total disability. Plaintiff also began receiving VA housebound benefits.

Between 1974 and 1979, plaintiff obtained a private pilot's license and logged seventy-six hours of flying time. He flew by himself and with family and friends as passengers. Every two years, in connection with renewals of his license, plaintiff certified under penalty of perjury to the Federal Aviation Administration that he did not have epilepsy, fits, or a variety of other medical conditions. In fact, plaintiff's medical records for these periods indicate that he had these conditions.

Between December 1979 and June 1981, plaintiff worked full time. His housebound benefits ceased. In June 1981, plaintiff was advised that he would be required to complete a trial work period intended to test his continued eligibility for social security benefits.

Plaintiff worked for defendant employer from June 15, 1981 to May 4, 1982. In the spring of 1982, plaintiff experienced an increase in his seizures. In February 1982, plaintiff fell in his garage at home. Initially, he believed he could not return to work due to increased seizures, but he subsequently did so. The record indicates that his decision was based on medical advice that his symptoms were temporary and that a serious relapse was a remote possibility. The social security records contain a notation that he also was told his social security disability benefits would end in May. On April 22, he had an "extremely stressful" altercation with a supervisor at work. Plaintiff left work for home and a period of rest. Plaintiff returned to work, however, the next day. He resigned in May.

Subsequently, plaintiff attempted to retain his social security benefits. On May 28, he reported that he could no longer work due to the increase in his seizure activity, blaming the increase in seizure activity on the fall and the altercation at work. On June 10, he reported that he was experiencing fifteen to twenty seizures per week. On June 21, however, he took another FAA physical examination, certifying under penalty of perjury that he did not have and never had had epilepsy or fits. Plaintiff's social security benefits were terminated in October. He appealed.

While his appeal was pending, plaintiff applied to the VA for housebound benefits. On June 18, 1983, plaintiff reported that his seizure activity was increasing and that he was becoming more and more dependent upon his wife. On July 11, however, he applied for and received a motorcycle li-

cense, certifying under penalty of perjury that he did not suffer from epilepsy or fits. On August 9, he reported that his condition was worse than in many years and that he had been substantially confined to his house since May 4. In September 1983, plaintiff's wife reported to the VA that his condition had gotten progressively worse since February 1982. Plaintiff's housebound benefits were terminated in October. He appealed.

Plaintiff's social security benefits were restored in January 1984 while this case was pending in the trial court. The record does not indicate the result of plaintiff's application that housebound benefits be restored.

Judge Steinmetz heard four days of trial, on September 13 and 14, 1984 and on December 13 and 14, 1984. She prepared findings of fact and conclusions of law but did not sign and file them prior to leaving office. Her successor, Judge Mowrer, signed her findings and conclusions and entered judgment. Neither party objected to his action nor raised the issue on appeal.

The trial court found that plaintiff was able to perform all of the tasks of his employment while working for defendant employer. The trial court also found that as a result of a work-related accident, plaintiff's preexisting seizure disorder was aggravated, but that he was disabled only for one day, April 22, the day of the altercation. Finally, the trial court awarded attorney fees.

We address (1) the additional questions this court asked the parties to brief, then answer (2) whether the trial court should have awarded benefits up until the time of trial, (3) whether the Worker's Compensation Act provides for one day's compensation, and (4) whether plaintiff is entitled to attorney fees and medical and rehabilitation expenses.

*Whether the Trial Court's Entry of Findings and Conclusions Prepared by his Predecessor was Jurisdictional or Fundamental Error that Necessitates a New Trial*

■ Normally, only the judge who conducted the trial may enter a decision in

the case. *In re Death of Elwell,* 66 Haw. 598, 670 P.2d 822 (1983). NMSA 1978, Civ.P. Rule 63 (Repl.Pamp.1980) and the identical federal rule provide a limited exception to this rule. *Pritchard v. Halliburton Services.* Where a judge becomes disabled after a verdict is returned or findings of fact and conclusions of law are filed, a successor judge may perform further duties required by the court. Resignation or completion of a full term is equated with disability for purposes of the rule. *See State v. Kelsey,* 532 P.2d 1001 (Utah 1975). Disability for this purpose refers to incapacity of the judge to do a legal act. *See* 7 J. Moore & J. Lucas, *Moore's Federal Practice* § 63.03 (1985). The rule does not provide authority for a successor judge to sign and enter findings of fact and conclusions of law drafted by his or her predecessor. *Pritchard v. Halliburton Services.*

■ The initial question is the nature of the right to have the judge who tried the case and heard the evidence enter findings and conclusions. An Indiana appellate court recently described the right to have the trial judge determine the weight and credibility of the testimony as a due process right. *See Farner v. Farner,* 480 N.E.2d 251 (Ind.App.1985). The court observed that the right could be waived. "Thus, when the trial judge who heard the testimony and observed the demeanor of the witnesses at trial is unavailable to render a decision thereon, the parties may stipulate that the substitute judge should determine the case on the record." *Id.* at 257. We agree with this analysis of the right at issue. It is consistent with the widely applied rule that the parties may agree to have the successor judge enter findings of fact and conclusions of law and otherwise complete the case. *See Bell v. Great Lakes Container Corp.,* 702 P.2d 387 (Okla.App.1985); *Reinhold v. Fee Fee Trunk Sewer, Inc.,* 664 S.W.2d 599 (Mo. App.1984); *Christopher v. Nelson,* 50 Mich.App. 710, 213 N.W.2d 867 (1973). *See also Milbrew, Inc. v. Commissioner of In-*

*ternal Revenue,* 710 F.2d 1302 (7th Cir. 1983).

Although there are cases to the contrary, *see Welsh v. Brown-Graves Lumber Co.,* 58 Ohio App.2d 49, 389 N.E.2d 514 (1978); *Moore Golf, Inc. v. Lakeover Golf & Country Club, Inc.,* 49 A.D.2d 583, 370 N.Y.S.2d 156 (1975), we prefer the majority rule. This rule avoids the delay and expense of a new trial by permitting the parties to stipulate that the successor judge may proceed on the record. We recognize that, under some circumstances, the credibility of the witnesses may be so vital that a new trial is required even when the parties have stipulated to the successor's authority to decide the case. *See Federal Deposit Insurance Corp. v. Siraco,* 174 F.2d 360 (2nd Cir.1949). In such a situation, however, the successor judge has discretion to order a new trial. Civ.P.R. 63. Thus, the majority rule provides needed flexibility.

In this case, the issue of the successor judge's authority was not preserved below nor raised by either party on appeal; it may be considered by this court only if it falls within one of the exceptions in NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App. Rule 308 (Repl.Pamp.1983). *Cf. Pritchard* (the defendant raised this issue in a motion for a new trial and appealed from the court's denial of the motion).

There is no question that the trial court had jurisdiction over the subject matter in this case and jurisdiction over the parties. Because of Civ.P. Rule 63, however, the trial judge lacked authority to enter findings of fact and conclusions of law, prepared by his predecessor, when he had not heard any of the evidence. Nevertheless, the error is not jurisdictional; in an appropriate case, the parties may stipulate to entry of findings and conclusions by a successor judge. When this court referred in *Pritchard v. Halliburton Services* to the trial court's power, we did not intend to suggest a jurisdictional limitation. Rather, we described a lack of authority to proceed. *See generally State ex rel. Department of Human Services v. Avinger,* 104 N.M. 355,

721 P.2d 781 (Ct.App.1985) (court may not have authority to do particular act even though it has jurisdiction). While Judge Mowrer's action was unauthorized, it was not void for lack of jurisdiciton.

Neither do we believe this issue may be raised for the first time on appeal under the doctrine of fundamental error. Fundamental error is to be applied only to prevent a miscarriage of justice, *State v. Heisler,* 58 N.M. 446, 272 P.2d 660 (1954), not to excuse a failure to make objections at trial. *State v. Tapia,* 79 N.M. 344, 443 P.2d 514 (Ct.App.1968). "If substantial justice has been done, parties must have duly taken and preserved exceptions in the lower court to the invasion of their legal right before we will notice them here." *State v. Garcia,* 19 N.M. 414, 421, 143 P. 1012, 1015 (1914). *Cf. Henry A. Knott Co. v. Chesapeake and Potomac Telephone Co.,* 772 F.2d 78 (4th Cir.1985) (where parties had no opportunity to object, issue of successor's authority was addressed on appeal). In addition, neither party has argued on appeal that a new trial is required in the interests of justice or that their rights were prejudiced by Judge Mowrer's action.

Since we hold that the trial court's action was neither jurisdictional nor fundamental error, since neither party raised any objection below, and since neither party initially raised the issue on appeal, we need not decide under what circumstances a party waives an obligation at trial. We therefore do not decide whether failure to object, without a stipulation by the parties on the record, is sufficient to waive the right to have the judge who heard the evidence enter a decision in the case. If the parties agree that the successor judge should act, a stipulation to that effect ordinarily should be entered in the record. If a party does not agree, the objection should be raised at the trial level.

*Whether the Trial Court Erred in Failing to Find that Plaintiff was Temporarily Totally Disabled from May 4, 1982 to the Time of Trial*

Plaintiff contends that the trial court was bound by the uncontradicted

medical testimony to find total disability for the period between the time he resigned and the time of trial. *See Ross v. Sayers Well Servicing Co., Inc.*, 76 N.M. 321, 414 P.2d 679 (1966). We disagree.

The rule on which plaintiff relies is an exception to the general rule that a trial court can accept or reject expert opinion as it sees fit. *See generally Hernandez v. Mead Foods, Inc.*, 104 N.M. 67, 716 P.2d 645 (Ct.App.1986). It only applies to the issue of causation; on other issues, the medical testimony may be contradicted by other facts and circumstances. *Id.* Moreover, testimony is not "uncontradicted" when legitimate inferences drawn from the facts and circumstances of the case create a reasonable doubt about its accuracy. *See id.*

 On the facts of this case, the threshold question is whether the trial court ruled against plaintiff on causation, an issue on which expert medical testimony is conclusive. We assume, but need not decide, that the medical testimony satisfied the statutory requirement. *See* § 52–1–28(B); *Gammon v. EBASCO Corp.*. 74 N.M. 789, 399 P.2d 279 (1965). We hold that the trial court ruled against plaintiff on the issue of disability. On that issue, expert medical testimony is not conclusive.

The trial court found that plaintiff had a preexisting seizure disorder but that the disorder was the same after April 22 as it was before April 22. The trial court expressly found plaintiff's allegations of aggravation not credible. Finally, the trial court found plaintiff was not disabled, except on April 22, because he could and did perform all the usual tasks of his employment after both incidents to which he traced increased seizure activity. Thus, we construe the findings as a decision that plaintiff had not established his inability to work, within the meaning of the Workmen's Compensation Act, for the period in question. *See H.T. Coker Construction Co. v. Whitfield Transportation, Inc.*, 85 N.M. 802, 518 P.2d 782 (Ct.App.1974).

 Expert testimony should not be conclusive on the fact of disability any more than it should be on the percentage of disability. Disability is measured by the ability to perform work. NMSA 1978, §§ 52–1–24 and 52–1–25. Medical testimony on this issue is not necessary and sometimes is not even helpful. Ability to perform work may be established by plaintiff's testimony. *Garcia v. Genuine Parts Co.*, 90 N.M. 124, 560 P.2d 545 (Ct.App.1977). Because there is nothing in the statute which requires medical testimony on the issue of disability, we hold that the trial court was not bound by the medical testimony to find disability for the longer period of time.

 In addition, the experts testified that their opinions were based, in part, on the history provided by plaintiff. The court found plaintiff had given inconsistent accounts of his condition at critical periods and disbelieved the evidence of aggravation after May 4, 1982. Because an expert's opinion is only as good as the factual basis for it, *see Niederstadt v. Ancho Rico Consolidated Mines*, 88 N.M. 48, 536 P.2d 1104 (Ct.App.1975), and because the factual basis here was inconsistent, the court could legitimately disregard the expert opinions.

Because the uncontradicted medical evidence rule is inapplicable, this court must view the evidence in the light most favorable to the court's findings. *Sanchez v. Homestake Mining Co.*, 102 N.M. 473, 697 P.2d 156 (Ct.App.1985). The trial court's findings should be affirmed if supported by substantial evidence. *Lyon v. Catron County Commissioners*, 81 N.M. 120, 464 P.2d 410 (Ct.App.1969).

 On this record, we hold that the trial court could find that plaintiff had not established disability within the meaning of the Workmen's Compensation Act for the period between May 4, 1982 and the time of trial. The test for total disability is a statutory one. Under the statute, plaintiff was required to prove that he was wholly unable to perform the usual tasks in the work he was performing at the time of injury and wholly unable to perform any work for which he is fitted by age, training, capacity and experience. *See* § 52–1–24. There

was substantial evidence to support the trial court's determination that plaintiff's preexisting condition was not aggravated after April 22.

It is undisputed that plaintiff performed his job after the April 22 altercation and voluntarily resigned. It is undisputed that he renewed his pilot's license and acquired a motorcycle license after his resignation. There was some evidence of his ability to drive a car. Because plaintiff made inconsistent statements about his condition during the relevant period, the trial court was entitled to disbelieve his testimony as to further aggravation. Although there was medical testimony that the inconsistent statements were not atypical of patients with seizure disorders, it is undisputed that plaintiff made similar statements prior to 1982. On at least one such occasion, he was working full time. In addition, plaintiff successfully returned to work after the February incident. Consequently, the trial court was entitled to conclude that plaintiff had not established disability for the period in question.

*Whether One Day's Disability is Compensable*

NMSA 1978, Section 52-1-40 states:

Waiting Period

No compensation benefits shall be allowed under the provisions of the Workmen's Compensation Act ... for any accidental injury which does not result in the workman's death, or in a disability which lasts for more than seven days; provided, however, if the period of the workman's disability lasts for more than four weeks from the date of his accidental injury, compensation benefits shall be allowed from the date of disability.

Defendants argue that, under the plain meaning of this statute, *see Fresquez v. Farnsworth & Chambers Co. Inc.*, 60 N.M. 384, 291 P.2d 1102 (1955), a worker must be disabled for seven days in order to receive any compensation. Since he was not, he is not entitled to any compensation benefits.

Plaintiff contends that workers are entitled to benefits for as long as they are disabled. *See* § 52-1-41. That section

states that a worker shall receive that amount "during the period of that disability." Thus, plaintiff claims there is a conflict between Section 52-1-40 and Section 52-1-41. We disagree.

Statutes are to be read in harmony so that all portions are given effect. *Martinez v. Research Park, Inc.*, 75 N.M. 672, 410 P.2d 200 (1965), *overruled on other grounds, Lakeview Inv., Inc. v. Alamogordo Lake Village, Inc.*, 86 N.M. 151, 520 P.2d 1096 (1974); *Mathieson v. Hubler*, 92 N.M. 381, 588 P.2d 1056 (Ct.App.1978). So read, Section 52-1-40 states the waiting period of seven days; Section 52-1-41 simply states the amount of compensation to which a worker is entitled once he or she is entitled to compensation. Under the latter statute, if a worker is no longer disabled, he or she is no longer entitled to compensation; thus, the latter statute sets an outside limit, rather than establishing a right to immediate compensation. *See also* § 52-1-56.

Plaintiff has relied on *Stolworthy v. Morrison-Kaiser F & S*, 72 N.M. 1, 380 P.2d 13 (1963). In that case, the supreme court reversed the trial court and ordered that the worker be paid two days of compensation because "appellant must be granted all compensation to which he is entitled." Plaintiff suggests that the worker in *Stolworthy* was disabled for only two days. Defendants argue that one cannot tell from the opinion exactly how long Stolworthy was disabled and that, therefore, this court must conclude that he was disabled for nine days. In fact, Stolworthy was disabled for nine days, as the records of the supreme court show. *See State v. Grubbs*, 85 N.M. 365, 512 P.2d 693 (Ct.App. 1973) (this court looked at supreme court records to see what was involved in prior cases). Thus, *Stolworthy* provides no support for plaintiff's claim.

It would nullify Section 52-1-40 to read Section 52-1-41 as plaintiff contends. This court will not read one section of a statute so as to destroy another when a reasonable

construction exists that gives effect to both portions. *Martinez.*

For these reasons, the trial court erred in awarding one day of compensation.

*Whether Plaintiff is Entitled to Attorney Fees and Medical Expenses*

In view of our disposition, we discuss the remaining issues summarily. Plaintiff agrees that a recovery of compensation is a prerequisite to an award of attorney fees. Because the recovery of compensation should be reversed, the award of fees should also be reversed. Plaintiff also agrees that "if * * * the disability suffered by [him] lasted only one day, then the trial court's finding that no medical expenses were incurred is true, and its conclusion that [he] is not entitled to any medical or rehabilitation benefit is proper." Because we have concluded plaintiff did not prove a disability that lasted longer than one day, this issue also must be resolved against him.

*Conclusion*

The trial court's finding that plaintiff was disabled for only one day is supported by the evidence. Accordingly, plaintiff's argument that he was entitled to additional medical and rehabilitation benefits fails. The trial court's award of one day of disability and attorney fees must be reversed. Because plaintiff has not gained anything on this appeal, attorney fees cannot be awarded for services of counsel on appeal. *See Willcox v. United Nuclear Homestake Sapin Co.*, 83 N.M. 73, 488 P.2d 123 (Ct. App.1971).

IT IS SO ORDERED.

GARCIA and FRUMAN, JJ., concur.