Gerald D. HUNTER and Pearl A. Hunter, Appellants,

v.

UNION STATE BANK and Ronald Kniep, Appellees.

No. 89–1379.

Supreme Court of Iowa.

April 17, 1991.

Paul J. Boysen, Jr. of Camp & Harsh, P.C., Creston, for appellants.

Ann M. Nielsen of Nielsen & Nielsen, P.C., Corning, for appellees.

Considered by McGIVERIN, C.J., and LARSON, CARTER, NEUMAN and SNELL, JJ.

SNELL, Justice.

This appeal questions the interpretation of our rule that sets the procedure for completion of a case when the presiding judge has died. The matter was tried to Judge Van Wifvat on December 13 and 14, 1988. The trial was finished and the case submitted but Judge Wifvat died before his ruling was completed. On May 1, 1989, a ruling was signed by Judge Richard Morr that decided the substantive issues adversely to plaintiffs Hunter and dismissed the suit. The Hunters appeal. We vacate and remand for further proceedings.

Hunters' claims arise after the Union State Bank foreclosed a mortgage on their farmland. The bank gained possession and clear title to the real estate following summary judgment in its favor. Later, the bank received offers of purchase on four separate parcels of the land from four different buyers. All offers were subject to the Hunters' right to repurchase. The bank gave notices to the Hunters of these purchase offers and of their repurchase rights under Iowa Code section 524.910(2) (1987). When the Hunters failed to respond to the notices by exercising their rights to repurchase, the bank completed the sales to the third parties.

The Hunters commenced the present lawsuit claiming their rights have been violated. Their claims are that (1) the notices sent by the bank were inadequate and failed to comply with section 524.910; (2)

section 524.910 created implied contract or quasi-contract rights in the Hunters against the bank; and (3) the Hunters' civil rights were violated which gives them an action for redress under Title 42 U.S.C. section 1983.

The decision signed by Judge Morr addressed each of these claims and found no merit in them. He filed the decision taking as his authority for proceeding Iowa Rule of Civil Procedure 367(b). That rule states:

> In the event of the death or disability of a judge who has under advisement an undecided motion, or case tried to him without a jury, any other judge of the district may be called in, or a judge from another district may be appointed by the chief justice of the supreme court to consider the same, and, if by a review of the transcript or a reargument he can, in his opinion, sufficiently inform himself to enable him to render a decision, he shall do so; otherwise he may order a continuance, declare a mistrial, or order a new trial of all or any of the issues, or direct the recalling of any witnesses, or make such disposition of the matter as the situation warrants.

Judge Morr determined that the circumstances were such that the case could be finalized under the statutory authority to "make such disposition of the matter as the situation warrants."

In reviewing the file and talking to Judge Van Wifvat's law clerk, Judge Morr learned that Judge Wifvat had discussed the case with his law clerk and had told him he was going to rule in favor of the defendants. He had also stated that he had received proposed findings of fact and rulings from both parties and instructed his law clerk to draft a ruling consistent with the defendants' version. Judge Wifvat stated to his law clerk that he did not find any merit in plaintiffs' case. These facts are set forth in an affidavit by the law clerk.

Judge Morr felt that he could sign the ruling prepared as outlined since Judge Wifvat had directed a specific decision even though he had not signed the ruling before his death. Judge Morr discussed this procedure with the attorneys for the parties indicating that he would so proceed unless some objection was indicated prior to signing. When the attorneys made no objection, Judge Morr signed the ruling. In those cases where Judge Wifvat had not directed a specific decision prior to his death, Judge Morr stated that he would set the matter for hearing, obtain input from the opposing attorneys and then determine the procedure to be followed.

After Judge Morr's ruling was filed, plaintiffs filed a motion for new trial and judgment notwithstanding the verdict objecting to the above procedure and asserting error in the substantive findings of fact and conclusions of law. Upon reviewing these motions, Judge Morr supplemented his ruling by a signed statement explaining the procedure followed and an affidavit stating the above facts. He also stated that at the time he signed the ruling he was not familiar with the issues of the case nor did he review Judge Wifvat's notes or trial transcript. However, considering the information he had, it was his opinion that the case had been decided by Judge Wifvat and that the best interests of the litigants required that he dispose of the matter by signing the ruling. Plaintiffs' posttrial motions were reviewed and denied by Judge Jack Levin.

Throughout these proceedings there has never been suggested that issues of fraud, misrepresentation or mistake by anyone are involved. Moreover, our review discloses nothing of this sort but to the contrary, shows the utmost candor by all in trying to conclude the case under difficult circumstances. Thus the procedural question is addressed with only a view to determine if Iowa Rule of Civil Procedure 367 is so structured to accommodate the procedure employed.

Subsection (b) of Iowa Rule of Civil Procedure 367 addresses the situation where the judge has died after a case tried to the court is under advisement. Another judge may then review the transcript or order a reargument and decide the case. If the case is not concluded in this manner, the judge may order a continuance, declare a

mistrial or order a new trial. The judge may also direct the recalling of witnesses or make such disposition of the matter as the situation warrants.

We believe that in outlining these alternative methods for concluding a case, the intent of Iowa Rule of Civil Procedure 367(b) is that the ultimate decision in the case be that of the successor judge. By this format, the parties are afforded a certainty of continuity to a decision without the presence of hearsay however reliable it may be.

The decision as presented to us is Judge Van Wifvat's not Judge Morr's. As such, it is not reviewable by us because of the procedural misinterpretation of Iowa Rule of Civil Procedure 367(b). We express no opinion regarding the substantive issues decided by Judge Van Wifvat.

We remand for proper disposition under the provisions of Iowa Rule of Civil Procedure 367(b).

VACATED AND REMANDED.