OPINION CHAVEZ, Judge. In this workers’ compensation case, worker failed to provide written notice of his injury to his employer. However, under NMSA 1978, Section 52-1-29 (Repl. Pamp.1987), such notice is not required if the employer has actual notice. Worker is the president, chief executive officer, and sole stockholder in the employer corporation. He alleges that his awareness of his own injury is actual notice to the corporation. The workers’ compensation judge (WCJ) ruled that there was no actual notice to the corporation and that the disability was not caused by the alleged accident. Worker appeals and we reverse. We hold that when worker is determined to have actually sustained a work-related injury and the worker is the president, chief executive officer, and sole stockholder of the employer corporation, the corporation is deemed to have actual knowledge of the accident as provided in Section 52-1-29(B). If the worker is attempting to perpetrate a fraud or if suspicious circumstances are present, the WCJ is always free to find there was no accident or no causation. We further hold that, having found there was an accident in the course and scope of employment in this case, the WCJ was bound by the uncontradicted medical evidence rule to find that the accident caused worker’s disability. We remand for a determination of the nature and extent of that disability and for further proceedings in light of this opinion. In addition to issues concerning notice and causation, worker raises an issue of whether the WCJ should have granted his motion in limine to disqualify the attorney retained by the insurer to defend the corporation because she did not consult the officers, directors, or agents of the corporation. We do not discuss this issue, or the procedural sub-issues raised by defendants, because we are remanding this case, and the issues may not arise again. NOTICE Section 52-1-29 states: A. Any workman claiming to be entitled to compensation ... shall give notice in writing to his employer____ B. No written notice is required to be given where the employer or any superintendent or foreman or other agent in charge of the work in connection with which the accident occurred had actual knowledge of its occurrence. It is conceded that there was no timely written notice in this case. The appeal focuses on Section 52-l-29(B). We acknowledge that other jurisdictions have held that where an employer is also acting in a dual capacity as employee, the actual knowledge exception to notice is not satisfied by notice to oneself. See Hunt v. Sherwin Williams Co., 191 Mont. 348, 624 P.2d 489 (1981); see also Nebenhaus v. Lydmark Corp., 79 A.D.2d 804, 435 N.Y.S.2d 101 (1980) (statute which imputes knowledge of employer to insurance carrier does not apply where the injured worker is the president of the employer close corporation and he relies on own knowledge of injury as knowledge of employer); Renco, Inc. v. Nunn, 474 P.2d 936 (Okla.1970). Further, we understand the basis for these decisions is that the primary reason for requiring notice is to allow an employer and its insurer to protect themselves against fictitious or false claims for workers’ compensation. See id.; see also Collins v. Big Four Paving, Inc., 77 N.M. 380, 423 P.2d 418 (1967); Lozano v. Archer, 71 N.M. 175, 376 P.2d 963 (1962). When the employer or the insurer receives notice of a work-related accident within a reasonable time, it may conduct an investigation in order to ensure that the claim is valid. See Herndon v. Albuquerque Pub. Schools, 92 N.M. 635, 593 P.2d 470 (Ct.App.1978). The insurer may be prejudiced in investigating the accident if notice it receives is delayed. See Nebenhaus v. Lydmark Corp.; Renco, Inc. v. Nunn. Thus, respondents have articulated a thoughtful argument that the result reached in the other jurisdictions to which they have referred us better serves the purposes of such legislation. However, we have noted before that there are disparities between the purpose of Section 52-l-29(B) and its language, and we have enforced the language. In Beckwith v. Cactus Drilling Corp., 84 N.M. 565, 505 P.2d 1241 (Ct.App.1972), we pointed out that the language required only actual knowledge of the accident and not of any injury. We acknowledged that the lack of a requirement of actual knowledge of the injury appeared to defeat the dual legislative purposes of enabling quick investigation and providing timely medical services. We ruled, in accordance with well-established law on statutory construction, that we were not permitted to read into a statute language which is not there. Id. We concluded that, if the statute as written defeated the purpose of the notice requirements, such was a matter for legislative consideration. Id. We say the same today. We recognize that Beckwith is distinguishable factually. In that case, the legislature had deleted language the appellants wished the court to read back into the statute, on the ground that the result would have better served the purposes of the notice requirement. Nevertheless, we are not persuaded, as the Beckwith court apparently was not persuaded, that the statute makes no sense as written nor that it achieves an absurd result. “Courts will not add words except where necessary to make the statute conform to the obvious intent of the legislature, or to prevent its being absurd.” State v. Nance, 77 N.M. 39, 46, 419 P.2d 242, 247 (1966), cert. denied, 386 U.S. 1039, 87 S.Ct. 1495, 18 L.Ed.2d 605 (1967). Respondents argue that the facts support the finding of the WCJ that employer did not have actual knowledge of the accident. There are facts showing that worker may have been attempting to receive workers’ compensation benefits because his own insurance limit had been reached. Worker was aware of the procedures and importance of filing notice of work-related accidents. No one witnessed the accident, and worker failed to report the accident even when he became aware that it had not been listed by his insurance agent. Based on the numerous suspicious actions on the part of worker in this case, respondents argue that the case of Travelers Insurance Co. v. Workmen’s Compensation Appeal Bd., 68 Pa.Cmwlth. 24, 447 A.2d 1116 (1982), on which worker relies, can be distinguished. To be sure, it appeared important to the court in that case that no fraud was evident. However, we do not believe the mere possibility of fraud excuses us from adhering to the well-established canons of statutory construction to which we have referred. If there is fraud in the filing of a claim or if the facts indicate that worker is lying about the fact of an accident, the WCJ may find that the accident did not happen. Under our statute, however, the suggestion that the accident did not happen does not entitle the WCJ to find an absence of notice when the plain words of the statute provide that the notice requirement is satisfied when an agent in charge of the work has actual knowledge of the accident. As is frequently the case in workers’ compensation law, “ ‘[t]his is a situation for “legislative therapy and not judicial surgery.” ’ ” Garrison v. Safeway Stores, 102 N.M. 179, 181, 692 P.2d 1328, 1330 (Ct.App.1984) (quoting City of Albuquerque v. Sanchez, 81 N.M. 272, 273, 466 P.2d 118, 119 (Ct.App.1970)). Moreover, there was evidence that worker gave notice to the secretary of the corporation. Accordingly, we reverse the decision of the WCJ on the issue of notice. CAUSATION The WCJ found that worker was in an accident arising out of and in the course of his employment. The WCJ expressly determined that worker sustained an accident on April 26, 1988, in the course of and “arising out of his employment with Employer. The risk of accident was incident to [worker’s] employment.” The WCJ found that the injury complained of was preexisting and not a natural and direct result of worker’s employment. The WCJ concluded that the condition for which worker seeks compensation was not caused by the alleged work accident. Worker contends that the uncontradicted medical evidence rule applies. We agree. See Hernandez v. Mead Foods, Inc., 104 N.M. 67, 716 P.2d 645 (Ct.App. 1986). All doctors testified that the condition was either caused by the accident or was an aggravation of a preexisting condition, again caused by the accident. Both respondents seek to uphold the WCJ’s order denying compensation, not on the basis that there was an absence of causation, but rather on the basis that the WCJ was entitled to find an absence of disability, an issue to which the uncontradicted medical evidence rule does not apply. See Grudzina v. New Mexico Youth Diagnostic & Dev. Center, 104 N.M. 576, 725 P.2d 255 (Ct.App.1986). The problem with this argument is that the WCJ did not find an absence of disability; instead, he found an absence of causation. Because we reverse that finding, we remand this case for adoption of further findings of fact and conclusions of law concerning the nature and extent of worker's disability. CONCLUSION The order denying all benefits on grounds of lack of notice and absence of causation is reversed. This matter is remanded to the workers’ compensation administration to determine the amount of medical benefits that should be awarded to worker in light of our reversal of the decision on the notice issue and to determine the amount of other benefits, if any, that should be awarded to worker in light of our reversal of the decision on the causation issue. In making its award, the WCJ should take into consideration the services of worker’s counsel on appeal. IT IS SO ORDERED. DONNELLY and MINZNER, JJ., concur.