In re the MARRIAGE OF David Keith SEYLER and Sherry Lynn Seyler.

Upon the Petition of David Keith Seyler, Appellant,

And Concerning

Sherry Lynn Seyler, Appellee.

No. 96–198.

Supreme Court of Iowa.

Feb. 19, 1997.

John M. Trewet of Rutherford, Trewet & Petersen, Atlantic, for appellant.

N. Michael D'Angelo, Oakland, for appellee.

Considered by LARSON, P.J., and NEUMAN, SNELL, ANDREASEN, and TERNUS, JJ.

TERNUS, Justice.

This dissolution of marriage case comes to us with an unusual procedural history. The matter was tried to one judge and taken under advisement. Subsequently, for reasons not shown in the record, a second judge entered a decree disposing of the case. We conclude (1) this procedure deprived the parties of a hearing as guaranteed by the Due Process Clause, and (2) the second judge lacked authority to issue a ruling in this case. Therefore, we vacate the judgment and remand the case with instructions.

I. *Background Facts and Proceedings.*

On April 26, 1995, appellant, David Seyler, filed for dissolution of his marriage to appellee, Sherry Seyler. Prior to trial, the parties stipulated to a property settlement, providing generally that all assets would be sold, the parties' debts would be paid, and the remaining balance would be divided equally between the parties. Consequently, when the matter proceeded to trial in August 1995, the sole issue upon which evidence was submitted was custody of the parties' two minor children. The parties tried the case to district court judge J.C. Irvin. After a half day of testimony, including several charged recitations of parental impropriety, Judge Irvin took the matter under advisement.

Over four months later, in December 1995, another district court judge, Leo F. Connolly, prepared and filed a decree in the case. The decree was substantially at odds with the prior course of the action. There was no reference to the property settlement. Instead, the parties were ordered to divide their assets. Despite the nature of the testimony at trial, there were no factual findings of credibility or discussion of the children's best interests regarding custody. Sherry was simply given sole custody of the children, subject to David's reasonable visitation. David was ordered to pay $300 per month in child support.

David appealed, seeking a de novo review of Judge Connolly's order. He argues on appeal that Judge Connolly's order deprived him of his constitutional right to due process of law under the United States and Iowa constitutions because it was made without the benefit of hearing the evidence at trial. *See* U.S. Const. amends. V, XIV; Iowa Const. art. I, § 9. He asks us to (1) dissolve the marriage, (2) divide the marital property according to the stipulation, (3) grant him sole custody of the children, and (4) terminate all child support obligations imposed on him.

II. *Issues On Appeal.*

The unique procedural history of this case requires us to answer two related questions: (1) Must the judge who decides the case hear the evidence? and (2) Must the judge who hears the evidence decide the case? The first issue involves principles of due process; the second issue concerns the authority of a judge to rule on a particular matter. Our ability to review the merits of the underlying custody decision depends on our resolution of these two issues.

 We review the constitutional challenge to the court's decree de novo. *Spaur v. Owens–Corning Fiberglas Corp.*, 510 N.W.2d 854, 865 (Iowa 1994). Questions of the court's authority are reviewed for correction of errors of law. *In re Marriage of*

*Engler,* 532 N.W.2d 747, 748 (Iowa 1995). A review of the merits of the dissolution decree is de novo. Iowa R.App.P. 4; *In re Marriage of Spiegel,* 553 N.W.2d 309, 313 (Iowa 1996).

III. *Due Process Challenge.*

■ A. *General principles of due process.* Due process mandates that persons who are required to settle disputes through the judicial process "must be given a meaningful opportunity to be heard." *Boddie v. Connecticut,* 401 U.S. 371, 377, 91 S.Ct. 780, 786, 28 L.Ed.2d 113, 118 (1971) (divorce case). This opportunity must be " 'granted at a meaningful time and in a meaningful manner.' " *Id.* at 378, 91 S.Ct. at 786, 28 L.Ed.2d at 119 (quoting *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62, 66 (1965)). The hearing guaranteed by the Due Process Clause is one " 'appropriate to the nature of the case.' " *United States v. Raddatz,* 447 U.S. 667, 677, 100 S.Ct. 2406, 2413, 65 L.Ed.2d 424, 434 (1980) (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950)).

■ The requirements of due process are flexible and consequently, the type of hearing required depends on "(a) the private interests implicated; (b) the risk of an erroneous determination by reason of the process accorded and the probable value of added procedural safeguards; and (c) the public interest and administrative burdens, including costs that the additional procedures would involve." *Id.* at 677, 100 S.Ct. at 2413, 65 L.Ed.2d at 434. Thus, due process does not always require that the ruling judge hear the testimony. *See id.* at 680, 100 S.Ct. at 2415, 65 L.Ed.2d at 436.

■ B. *Unavailability of trial judge.* Generally in cases tried to the court, due process entitles a litigant to a decision on the facts by a judge who has heard the evidence. *European Beverage, Inc. v. Superior Ct.,* 43 Cal.App.4th 1211, 51 Cal.Rptr.2d 147, 148 (1996); *Stevens v. Hartford Accident & Indem. Co.,* 29 Conn.App. 378, 615 A.2d 507, 511 (1992); *Anderson v. Dewey,* 82 Idaho 173, 350 P.2d 734, 737 (1960); *People v. Lupe,* 405 Ill. 66, 89 N.E.2d 824, 826 (1950);

*Paulson v. Meinke,* 352 N.W.2d 191, 193 (N.D.1984); *see In re Buchman's Estate,* 123 Cal.App.2d 546, 267 P.2d 73, 84 (1954) ("The power vested in a judge is to hear and determine, not to determine without hearing."). Otherwise, the litigant is deprived of a *meaningful* hearing.

■ Of course, situations arise where the trial judge is unable to issue a decision and the matter must be resolved by a second judge. Under these circumstances, the general rule is a successor judge may render a judgment consistent with due process so long as he or she orders a full or partial retrial, or in appropriate cases, becomes familiar with the entire existing record. *Grudzina v. New Mexico Youth Diagnostic & Dev. Ctr.,* 104 N.M. 576, 725 P.2d 255, 259 (1986); *cf. Lien Ho Hsing Steel Enter. Co. v. Weihtag,* 738 F.2d 1455, 1461 (9th Cir.1984) (where only legal arguments are involved and the issues have been briefed, there is no constitutional requirement for oral argument). The precise procedure required by due process depends on the nature of the issues. *See Anderson,* 350 P.2d at 737. *Compare Nering v. Stockstill,* 448 N.E.2d 695, 697 (Ind.App.1983) (successor judge's ruling on posttrial motions based on review of record, as permitted by rule of procedure governing successor judges, did not violate due process) *with Vergon v. Vergon,* 87 Ohio App.3d 639, 622 N.E.2d 1111, 1113 (1993) (issues in divorce case involved witness credibility; therefore, where trial judge cannot render a decision, successor judge must hold a new trial). "In a case where the resolution of a material issue requires a determination as to the weight and credibility of testimony, due process requires that the trier of fact hear all of the evidence necessary to make a meaningful evaluation." *Farner v. Farner,* 480 N.E.2d 251, 257 (Ind.App.1985); *see also Arthur Young & Co. v. Kelly,* 68 Ohio App.3d 287, 588 N.E.2d 233, 238 (1990) ("When credibility is involved, a fair hearing requires the trier of fact to observe the testimony."); *cf. Hunter v. Union State Bank,* 505 N.W.2d 172, 175 (Iowa 1993) (successor judge hearing case pursuant to Iowa Rule of Civil Procedure 367(b) did not abuse his discretion in refusing

to order a new trial where credibility was not crucial to the court's decision).

 C. *Application of law to this case.* Judge Connolly issued a decree in this dissolution action even though he had not presided at the trial and heard none of the testimony. The record does not reflect that he recalled any of the witnesses or heard arguments from counsel. He did not review a transcript of the trial testimony because a transcript was not prepared until after this appeal was taken. In a child custody case where credibility of the witnesses is of paramount importance, due process requires that the deciding judge hear the evidence. Consequently, we hold Judge Connolly's action deprived the parties of the hearing guaranteed by the Due Process Clause.[1]

Our decision on this issue precludes us from considering the underlying merits of this case because there is no valid order to review. *See Central Bank v. Costanzo,* 873 S.W.2d 672, 675 (Mo.App.1994) (where order appealed was entered without jurisdiction, appellate court will not make a factual determination necessary to resolve the case on its merits; remand is necessary). Therefore, we vacate the decree and remand to the district court. The question of the procedure to follow on remand requires that we consider the second issue: Must the judge who hears the evidence decide the case?

IV. *Authority to Decide Case.*

 On remand, the chief judge will be faced with the task of assigning this case to a judge for decision. Making that assignment requires consideration of the authority of judges other than Judge Irvin to rule on this matter. Our case law establishes that a judge does not have authority to rule upon a matter that is under advisement to another judge who presided at the trial. *Dunkelbarger v. Myers,* 211 Iowa 512, 515, 233 N.W. 744, 745 (1930).

 In *Dunkelbarger,* one judge presided over the trial, but before he had issued a ruling, a second judge dismissed the case. *Id.* at 513, 233 N.W. at 744. We held that when a judge takes a case under advisement, "he exclude[s] all other judges in his district from making any order which in any way would affect the substantial rights of the parties."[2] *Id.* at 515, 233 N.W. at 745. We implicitly overruled earlier cases that had permitted one judge to hear a matter and another judge to rule on its merits. *See Reed v. Lane,* 96 Iowa 454, 468, 65 N.W. 380, 384 (1895); *Hull v. Chicago, Burlington & Pac. Ry.,* 65 Iowa 713, 716, 22 N.W. 940, 941 (1885). Thus, the rule in Iowa is that a successor judge has no power to render a judgment based on testimony and evidence heard by his or her predecessor.[3] *Dunkel-*

1. A party may waive due process rights and agree to have a successor judge decide the case. *Farner,* 480 N.E.2d at 257; *Grudzina,* 725 P.2d at 259; *Binder v. Binder,* 557 N.W.2d 738, 741 (N.D.1996); *see Boddie,* 401 U.S. at 378–79, 91 S.Ct. at 786, 28 L.Ed.2d at 119 (a litigant's due process right to a hearing may be waived). There are no facts in the record here, however, to show that either party waived their right to have Judge Irvin decide this case. Indeed, it appears the parties had no knowledge Judge Irvin would not be the decision maker until they received Judge Connolly's ruling.

2. This rule applies only to matters under submission to the first judge. *State v. Wrage,* 279 N.W.2d 4, 6 (Iowa 1979) (distinguishing *Dunkelbarger* because the matter decided by the successor judge was not under submission to another judge).

3. In *Dunkelbarger,* we held an order entered by a successor judge without authority was void. 211 Iowa at 516, 233 N.W. at 745. At the time of this decision, defects in the court's authority were

considered to have the same effect as defects in the court's subject matter jurisdiction. *See Christie v. Rolscreen Co.,* 448 N.W.2d 447, 450 (Iowa 1989). Actions taken without subject matter jurisdiction or without authority were void. *See Hutcheson v. Iowa Dist. Ct.,* 480 N.W.2d 260, 262 (Iowa 1992) (action taken without subject matter jurisdiction is void); *Dunkelbarger,* 211 Iowa at 516, 233 N.W. at 745 (order entered without authority is void). In recent years, we have been careful to distinguish between the court's subject matter jurisdiction and the court's authority to hear the particular case before it. *E.g., State v. Mandicino,* 509 N.W.2d 481, 482 (Iowa 1993); *Christie,* 448 N.W.2d at 450. In *Mandicino,* we overruled prior cases and held that a defect in the court's authority to hear a case could be obviated by consent, waiver or estoppel. 509 N.W.2d at 483. The clear implication of this decision is that a court's lack of authority is not conclusively fatal to the validity of an order. *Cf. Starnes v. Holloway,* 779 S.W.2d 86, 95 (Tex.App.1989) ("void judgment's nullity cannot be waived"). Consequently, under cur-

*barger,* 211 Iowa at 515, 233 N.W. at 745; *accord Central Bank,* 873 S.W.2d at 674; *Hinman v. Hinman,* 443 N.W.2d 660, 661 (S.D.1989); *Bexar County Ice Cream Co. v. Swensen's Ice Cream Co.,* 859 S.W.2d 402, 404 (Tex.App.1993), *overruled on other grounds by Barraza v. Koliba,* 933 S.W.2d 164, 167–68 (Tex.App.1996); *Atlas Fin. Corp. v. Oliver,* 129 Vt. 216, 274 A.2d 687, 689 (1971); 46 Am.Jur.2d *Judges* § 30, at 152–53 (1994) ("In some jurisdictions, a successor judge may complete only those acts left incomplete by his or her predecessor that do not require the successor to weigh and compare testimony.... [A] judge usually cannot finish the performance of a duty already entered upon by his or her predecessor where that duty involves the exercise of judgment and the application of legal knowledge and judicial deliberation to facts known only to the predecessor."); 48A C.J.S. *Judges* § 67, at 651 (1981) (where "issues remain undetermined by [one judge], his successor cannot decide or make findings in the case without a trial de novo"); *see* J.R. Kemper, Annotation, *Power Of Successor Or Substituted Judge, In Civil Case, To Render Decision Or Enter Judgment On Testimony Heard By Predecessor,* 22 A.L.R.3d 922, 925 (1968).

■ Although there are exceptions to this rule, none of the exceptions apply here. Under the first exception, a successor judge may sign a judgment or order prepared, but not signed, by the judge to whom the matter has been submitted. *Hartig v. Francois,* 519 N.W.2d 393, 394 (Iowa 1994); *accord* 48A C.J.S. *Judges* § 67, at 653. In *Hartig,* a motion for summary judgment had been argued and submitted to the court. *Hartig,* 519 N.W.2d at 394. The judge who heard the motion dictated a proposed order, but left on vacation before signing it. *Id.* A second judge, apparently concerned about an approaching trial date, located the order and signed it. *Id.* We rejected a challenge to the signing judge's jurisdiction. *Id.* The purely ministerial act of signing the order was not deemed the exercise of jurisdiction inconsistent with the power of the judge who had the matter under advisement. *See id.* This exception is inapplicable here because there is nothing in the record to show that Judge Connolly signed a decree prepared by Judge Irvin to be his ruling in the case.

The second exception to the *Dunkelbarger* rule is Iowa Rule of Civil Procedure 367(b). If a judge becomes disabled[4] or dies while a matter taken under advisement remains undecided, rule 367(b) provides a mechanism for another judge to rule on any pending issues, so long as one of the alternative methods outlined in the rule for concluding the case is followed.[5] *Hunter v. Union State Bank,* 468 N.W.2d 456, 458 (Iowa 1991). The procedure to be followed under these circumstances varies under the rule:

> In the event of the death or disability of a judge who has under advisement an unde-

---

rent Iowa case law, an order entered without authority is not void. *See Grudzina,* 725 P.2d at 260 (although successor judge lacked authority to rule, his decision was not void for lack of jurisdiction); *Bowman v. Alvis,* 88 Ohio App. 229, 96 N.E.2d 605, 606 (1950) (any error in the substitution of one judge for another did not render the judgment void). Thus, although the conclusion in *Dunkelbarger* that the court acted without authority is correct, it is no longer true that an order rendered under such circumstances is void. Therefore, Judge Connolly's order was not void, even though made without authority.

4. Although our court has not interpreted the term "disability" as used in rule 367(b), similar rules using this term in this context have been interpreted to refer to a legal disability as opposed to a physical disability. *See Grudzina,* 725

P.2d at 259; 7 James W. Moore, *Moore's Federal Practice* § 63.03, at 63–5 (1996).

5. Although we have never considered whether this rule complies with the dictates of due process, similar federal and state rules have withstood constitutional challenges. *E.g., United States v. McCallie,* 554 F.2d 770, 774 (6th Cir. 1977); *United States ex rel. Fields v. Fitzpatrick,* 548 F.2d 105, 107 (3d Cir.1977); *Connelly v. United States,* 249 F.2d 576, 580 (8th Cir.1957) (Federal Rule of Criminal Procedure 25 governing substitution of judges provides due process); *People v. Thompson,* 158 Misc.2d 397, 601 N.Y.S.2d 418, 422 (Sup.Ct.1993), *aff'd,* 222 A.D.2d 156, 645 N.Y.S.2d 884 (Sup.Ct.App.Div. 1996). Courts have held that the procedures outlined in such rules ensure that no party is deprived of due process in the event the original trial judge becomes unavailable. *E.g., Stevens,* 615 A.2d at 511.

cided motion, or case tried to him without a jury, any other judge of the district may be called in, or a judge from another district may be appointed by the chief justice of the supreme court to consider the same, and, if by review of the transcript or a reargument he can, in his opinion, sufficiently inform himself to enable him to render a decision, he shall do so; otherwise he may order a continuance, declare a mistrial, or order a new trial of all or any of the issues, or direct the recalling of any witnesses, or make such disposition of the matter as the situation warrants.

Iowa R.Civ.P. 367(b). There is nothing in the record, however, showing Judge Irvin is dead or is disabled from ruling; consequently, rule 367(b) does not apply.

Technically, this matter is still under advisement by Judge Irvin. We conclude, therefore, that upon remand, Judge Irvin should issue a ruling; only if he is unable to rule should a successor judge be appointed. *See Paragon Group, Inc. v. Hoeksema,* 475 So.2d 244, 246 (Fla.Dist.Ct.App.1985) (on remand, original judge should rule unless he or she is unavailable; if first judge is unavailable, case should be reassigned to another judge for retrial); *In re Whisnant,* 71 N.C.App. 439, 322 S.E.2d 434, 436 (1984) (same).

### V. *Disposition.*

We vacate the district court's decision and remand. As noted, the normal procedure under such circumstances requires that Judge Irvin consider the case on the record made before him and issue a ruling. This case, however, involves the issue of child custody, the resolution of which depends on a dynamic situation. By the time this case arrives back in district court, nearly two years will have elapsed since the trial. The relative suitability of the parents to care for their child may have changed significantly in this time period. Consequently, if either party requests the opportunity to supplement the record with relevant evidence arising since the trial, the district court has discretion to take additional evidence. *See In re Whisnant,* 322 S.E.2d at 436 (permitting original trial judge to hear new evidence in

his discretion upon remand of termination-of-parental-rights case).

If Judge Irvin is unable to rule on this matter, the case should be reassigned to another judge. Because the issue of custody involved in this case depends in large part on the credibility of witnesses, any successor judge should hear the case anew, unless the parties stipulate that a decision may be rendered on the record already made.

**DISTRICT COURT JUDGMENT VACATED; REMANDED WITH DIRECTIONS.**