THE NEW LIGHT COMPANY, INC., DOING BUSINESS AS
THE GREAT WALL RESTAURANT, APPELLANT, V.
WELLS FARGO ALARM SERVICES, A DIVISION OF BAKER
PROTECTIVE SERVICES, INC., AND GENERAL ELECTRIC COMPANY,
JOINTLY AND SEVERALLY, APPELLEES.

567 N.W.2d 777

Filed August 8, 1997.    No. S-95-1123.

Bruce C. Kempton and Jeffrey R. Learned, of Morrison, Mahoney & Miller, and Kile W. Johnson and Mark T. Gokie, of Barlow, Johnson, Flodman, Sutter, Guenzel & Eske, for appellant.

Michael G. Connery and Diana J. Vogt, of Kutak Rock, for appellee Wells Fargo.

Con M. Keating, of Keating, O'Gara, Davis & Nedved, P.C., for appellee General Electric.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

WRIGHT, J.

The plaintiff, The New Light Company, Inc. (New Light), appeals a summary judgment in favor of the defendants, Wells Fargo Alarm Services (Wells Fargo) and General Electric Company (General Electric), which was granted by the district court after the plaintiff's motion to substitute the real party in interest was overruled.

## SCOPE OF REVIEW

The decision whether to allow or deny an amendment to any pleading lies within the discretion of the court to which application is made. *Cimino v. FirsTier Bank*, 247 Neb. 797, 530 N.W.2d 606 (1995).

A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from action, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through the judicial system. *Id.*

## FACTS

On January 7, 1989, a fire damaged The Great Wall Restaurant (Great Wall) located at 1013 Farnam Street in Omaha, Nebraska. On January 4, 1991, New Light, doing business as The Great Wall Restaurant, filed a petition against the defendants to recover damages resulting from the fire.

In its petition, New Light alleged that on July 1, 1983, Great Wall and Wells Fargo entered into an alarm installation contract pursuant to which Wells Fargo installed a fire detection/protection system at 1013 Farnam Street. On or about October 6, 1988, Great Wall and Wells Fargo entered into a renewal of the alarm service agreement, which agreement was in effect on January 7, 1989. The contracts with Wells Fargo for alarm installation and maintenance named the Great Wall at 1013 Farnam Street as the subscriber. New Light alleged that the fire was caused by a defective, unsuitable, and unreasonably dangerous light fixture manufactured by General Electric and that as the result of Wells Fargo's grossly negligent and/or willful and wanton conduct in failing to properly design and maintain its detection system, the fire spread undetected.

New Light is a corporation which owns two Great Wall restaurants, located at 144th and Arbor Streets and 72d and Farnam Streets in Omaha, but it does not own the Great Wall at 1013 Farnam Street. In 1992, New Light was owned 90 percent by Grace Ai-Chu Huang, its president, and 10 percent by Joseph Chieng Kuo. Huang is now deceased, and Kuo is the corporation's president, sole director, and registered agent.

Galilee International (Galilee) is a corporation owned by Kuo and his wife. It owns and operates the Great Wall at 1013 Farnam Street. Common to both Galilee and New Light is the fact that Kuo is the president, sole director, and registered agent of each. Although the evidence is not entirely clear, the restau-

rants apparently had the same bookkeeper. Additionally, all three Great Wall locations were covered by the same property insurance policy, issued by Grain Dealers Insurance Company, which policy listed "The Great Wall Restaurant" as the insured.

In response to interrogatories dated July 3, 1992, New Light informed Wells Fargo that Galilee owned and operated the Great Wall at 1013 Farnam Street. According to General Electric's affidavit, General Electric was not aware that Galilee was the owner of the Great Wall at 1013 Farnam Street until after the deposition of Kuo on June 20, 1995.

On August 4, 1995, the defendants moved for summary judgment on the grounds that New Light was not the real party in interest and that allowing substitution of the real party in interest (Galilee) would violate the defendants' substantial rights. On September 8, New Light moved to amend its petition to name the proper plaintiff. On September 20, the district court overruled the motion to amend, granted the defendants' motion for summary judgment, and dismissed New Light's petition with prejudice. New Light timely appealed.

## ASSIGNMENT OF ERROR

New Light asserts that the district court erred in denying its motion for leave to amend its petition and, as a result, dismissing the petition.

## ANALYSIS

The ultimate issue in this case is whether the district court abused its discretion by refusing to permit New Light to substitute Galilee as the plaintiff and real party in interest. As New Light correctly points out, had the court permitted the substitution of Galilee as the real party in interest, there would be no basis for the court's summary judgment and dismissal of the petition.

The applicable statute regarding amendments to pleadings, Neb. Rev. Stat. § 25-852 (Reissue 1995), provides:

> The court may, either before or after judgment, in furtherance of justice, and on such terms as may be proper, permit a party upon motion to amend any pleading, process, or proceeding by adding or striking out the name of any party or by correcting a mistake in the name of the

party or a mistake in any other respect or by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved. Whenever any proceeding taken by a party fails to conform, in any respect, to the provisions of Chapter 25, the court may permit the same to be made conformable thereto by amendment.

Although the decision whether to allow or deny an amendment to any pleading lies within the discretion of the court to which application is made, § 25-852 is to be liberally construed and amendments permitted where they are proposed at an opportune time and will be in the furtherance of justice. See, *Postma v. B & R Stores*, 250 Neb. 466, 550 N.W.2d 34 (1996); *Hoiengs v. County of Adams*, 245 Neb. 877, 516 N.W.2d 223 (1994).

Our most recent case addressing the substitution of a plaintiff after the statute of limitations period has run is *Hoiengs*. In *Hoiengs*, William Fairbanks, an employee of York County, sought a declaration that employees of the 91 defendant counties were entitled to certain benefits under the County Employees Retirement Act, Neb. Rev. Stat. § 23-2301 et seq. (Reissue 1991). The defendants' demurrers to the petition were sustained, the petition was dismissed, and Fairbanks appealed. While the appeal was pending, Fairbanks' employment was terminated, and he withdrew all of his retirement funds. Upon Fairbanks' motion, the Nebraska Court of Appeals granted leave to substitute Daniel Hoiengs, an employee of the defendant Cass County, as the plaintiff.

We considered whether it was proper to permit the substitution of another plaintiff. In requesting the amendment, Fairbanks sought to substitute one employee of the defendant counties for another. No other change was sought or made, and the newly named plaintiff bore the same relationship to the dispute as did his predecessor. We found that under the circumstances, it could not be said that the Court of Appeals abused its discretion in permitting Hoiengs to be substituted as the plaintiff.

In so doing, we set forth the propositions of law which controlled our resolution of that issue. We stated that the propriety of substituting parties depends on whether the cause of action

otherwise remains the same. Where such substitution will introduce a new cause of action into the case, the substitution will not be allowed. We held that in determining whether a new cause of action results from the substitution of parties, the test is whether an attempt is made to state facts giving rise to a wholly distinct and different legal obligation against the defendant, or to change the liability sought to be enforced. In addition, we stated that in order to substitute one party for another, the party substituted must bear some relation to the original party or possess an interest in the controversy sufficient to enable that party to maintain the proceeding.

In *Hoiengs*, we reiterated that the decision whether to allow or deny an amendment to any pleading lies within the discretion of the court to which application is made. However, § 25-852 is to be liberally construed and amendments permitted when proposed at an opportune time in the furtherance of justice. Thus, we noted *Kleinknecht v. McNulty*, 169 Neb. 470, 100 N.W.2d 77 (1959), in which we held that it was an abuse of discretion to refuse to permit an amendment proposed at an opportune time and in the furtherance of justice.

New Light contends that the substitution of Galilee would not introduce a new cause of action because the underlying facts, evidence, and damages remain the same and that Galilee possesses an interest in the controversy sufficient to enable it to maintain the proceeding. Conversely, the defendants argue that because New Light was never a party in interest, the substitution of Galilee introduces a new cause of action. The defendants further assert that since the case was not instituted by the real party in interest, there is no viable cause of action to amend. Finally, they claim that the substitution of Galilee as plaintiff would violate their "substantial right" to a statute of limitations defense.

In deciding whether it was an abuse of discretion for the district court to refuse New Light's request to substitute Galilee as the real party in interest, the first question is whether the substitution would introduce a new cause of action. The answer is determined by our decision in *Hoiengs*. The test pronounced by *Hoiengs* is whether an attempt is made to state facts giving rise to a wholly distinct and different legal obligation against the defendant, or to change the liability sought to be enforced.

The defendants argue that *Hoiengs* is distinguishable because the plaintiff in *Hoiengs* had standing at the suit's inception. They argue that a cause of action consists of a group of facts which establish the legal liability of the named defendant to the named plaintiff. Therefore, the defendants contend that there never was a viable petition to amend or, in the alternative, that the substitution of the real party in interest would create a new cause of action or a substantial change in the original cause of action.

In *McDonald v. State of Nebraska*, 101 F. 171, 178 (8th Cir. 1900), an early case which considered the right of a party to amend because the suit was brought in the name of the wrong party, the court stated:

A defendant has an undoubted right to insist that the person entitled to recover on a cause of action set forth in a petition shall be brought on the record as the plaintiff in the action, to the end that he shall not be compelled to respond twice to the same demand; and that the one suit shall bar all others for the same cause of action. But it has come to be the settled law that where, either by mistake of law or fact, a suit is brought in the name of a wrong party, the real party in interest, entitled to sue upon the cause of action declared on, may be substituted as plaintiff, and the defendant derives no benefit whatever from such mistake; but the substitution of the name of the proper plaintiff has relation to the commencement of the suit, and the same legal effect as if the suit had been originally commenced in the name of the proper plaintiff. The name of the proper plaintiff may be brought on the record at any time during the progress of the cause, and may even be inserted after verdict and judgment.

This rationale is consistent with our decision in *Hoiengs*. Here, it is the legal obligation or liability of the defendants that must not be changed by the amendment to the petition.

We thus consider whether the substitution in this case introduced new facts which would give rise to a wholly distinct and different legal obligation against the defendants, or change the liability sought to be enforced. See *Hoiengs v. County of Adams*, 245 Neb. 877, 516 N.W.2d 223 (1994). General Electric

stated in its brief that if New Light were allowed to substitute Galilee as the plaintiff, the facts from which the cause of action arose would remain the same, the "substantive cause of action" would remain the same, and the named defendants would remain the same. Brief for appellee General Electric at 8. Yet, at oral argument, General Electric claimed that its experts had spent much time analyzing New Light's tax returns, profit-and-loss statements, and balance sheets in order to determine damages for lost profits and that the measure of damages would be changed if Galilee was substituted for New Light. Wells Fargo, on the other hand, stated at oral argument that other than the change in named plaintiffs, the substitution of Galilee for New Light would not change any of the underlying facts or the measure of damages.

We find that the substitution of Galilee for New Light would not give rise to a wholly distinct and different legal obligation against the defendants or change the liability sought to be enforced. We observe that discovery focused on the events and contracts in issue, which revolved primarily around the Great Wall located at 1013 Farnam Street, rather than who was the actual corporate owner. When discovery was conducted on the Great Wall's corporate owner, it was in the form of the deposition of Kuo, who was the president, sole director, and registered agent of both New Light and Galilee. Interrogatories were answered with regard to the 1013 Farnam Street restaurant. The alarm service contracts in question listed the Great Wall at 1013 Farnam Street as the subscriber, without regard to the corporate owner. Likewise, the named insured in the property insurance policy, which included information regarding business income for the various locations, was "The Great Wall Restaurant."

The facts giving rise to this cause of action involve only the Great Wall located at 1013 Farnam Street and the alarm service contracts which Wells Fargo entered into with the Great Wall at that location. Any damages as a result of the fire, including loss of profits, would be related to the operation of the restaurant at this location only, not at another Great Wall restaurant, regardless of the corporate ownership.

Thus, we conclude that the substitution of Galilee for New Light would not introduce a new cause of action. It would not

change the legal obligation against the defendants, nor would it change the liability sought to be enforced.

We next consider the requirement that the substituted party must bear some relation to the original party or possess an interest in the controversy. We stated in *Hoiengs* that in addition to the requirement that the substitution not introduce a new cause of action, "in order to substitute one party for another, the party substituted must bear some relation to the original party or possess an interest in the controversy sufficient to enable that party to maintain the proceeding." 245 Neb. at 885-86, 516 N.W.2d at 232.

It is not disputed that New Light and Galilee are two distinct corporations. A corporation is a legal entity complete and separate from its shareholders and officers. *Slusarski v. American Confinement Sys.*, 218 Neb. 576, 357 N.W.2d 450 (1984). However, we need not address whether under *Hoiengs* the relationship between Galilee and New Light is significant enough to permit the substitution of the parties, because it is clear that, regardless, Galilee possesses an interest in the controversy as the real party in interest. In *Hoiengs*, we did not require that the substituted party must be related to the original plaintiff and have a sufficient interest in the controversy. Instead, we held that the substituted party must be related to or have a sufficient interest in the controversy. Galilee has met this requirement, since it clearly has a sufficient interest in the cause of action.

Finally, we consider the defendants' contention that the substitution of Galilee as plaintiff would violate their substantial right to a statute of limitations defense. Neb. Rev. Stat. § 25-853 (Reissue 1995) provides that the court, in every stage of an action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party. Thus, we have previously considered the propriety of allowing an amendment of pleadings by analyzing whether the amendment affected the adverse party's substantial rights. See *Schwank v. County of Platte*, 152 Neb. 273, 40 N.W.2d 863 (1950).

In arguing that the substitution of Galilee would violate their substantial rights, the defendants rely on *Givens v. Anchor Packing*, 237 Neb. 565, 466 N.W.2d 771 (1991). Our decision in

*Givens* dealt with the question of whether subsections (2) and (5) of the 1981 amendment to a statute of limitations, Neb. Rev. Stat. § 25-224 (Reissue 1979), could be retroactively applied to causes of action based upon injury allegedly resulting from exposure to asbestos products, which causes had earlier been extinguished by the provisions of subsection (2) of the 1978 enactment of § 25-224. The question presented was whether the amended statute could be retroactively applied to lift a bar which had already been completed before the exception was adopted. We held that the amendment could not resurrect an action which the prior version of the statute had already extinguished.

*Givens* does not reflect the factual situation presented in this case. It is true that had the cause of action against the defendants been time barred as to all plaintiffs, the defendants would have a substantive right to assert the statute of limitations. However, in contrast to *Givens*, it is clear that Galilee had a right to bring a cause of action against the defendants at the time New Light filed the petition. The only issue is whether an amendment substituting Galilee as plaintiff relates back to the original petition.

In *West Omaha Inv. v. S.I.D. No. 48*, 227 Neb. 785, 420 N.W.2d 291 (1988), we explained that the main purpose of a statute of limitations is to notify the defendant of a complaint against it within a reasonable amount of time so that the defendant is not prejudiced by having an action filed against it long after the time it could have prepared a defense against the claim. We noted that similar principles exist under Fed. R. Civ. P. 15(c) and quoted the following from *Wirtz v. W. G. Lockhart Construction Co.*, 230 F. Supp. 823 (N.D. Ohio 1964):

"So long as the original complaint notices the defendant that a claim is lodged against him, amendment will be freely granted to help in particularizing the claim, so long as the purported amendment does not in fact serve as a subterfuge for including a *separate* claim which would otherwise be barred at the time of amendment."

(Emphasis in original.) *West Omaha Inv. v. S.I.D. No. 48*, 227 Neb. at 796, 420 N.W.2d at 298.

Accordingly, where the amendment does not introduce a new cause of action, but, rather, relies upon the same set of facts as

the original pleading and the defendant is not prejudiced by the amendment, the right to a statute of limitations defense has not been violated. See *West Omaha Inv. v. S.I.D. No. 48, supra.* Having already concluded that the substitution of Galilee would not introduce a new cause of action, we likewise conclude that such substitution would not affect the substantial rights of the defendants.

The decision whether to allow or deny an amendment to any pleading lies within the discretion of the court to which application is made. *Cimino v. FirsTier Bank*, 247 Neb. 797, 530 N.W.2d 606 (1995). A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from action, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through the judicial system. *Id.* The refusal to permit an amendment which is proposed at an opportune time and which should be made in the furtherance of justice is an abuse of discretion by the trial court. *Building Systems, Inc. v. Medical Center, Ltd.*, 213 Neb. 49, 327 N.W.2d 95 (1982).

As we review the facts in this case, it appears that allowance of the amendment would not adversely affect the defendants because there would be no change in the facts which constitute the cause of action. In contrast, the refusal to allow the amendment to substitute the real party in interest would put an end to Galilee's right to pursue its cause of action.

An application to amend pursuant to § 25-852 is to be liberally construed and amendments permitted where they are proposed at an opportune time and will be in the furtherance of justice. *Hoiengs v. County of Adams*, 245 Neb. 877, 516 N.W.2d 223 (1994); *Bittner v. Miller*, 226 Neb. 206, 410 N.W.2d 478 (1987). As early as *Berrer v. Moorhead*, 22 Neb. 687, 36 N.W. 118 (1888), we held that amendments should be liberally construed to prevent a failure of justice. We have not changed that rule and have reaffirmed the rule as recently as *Hoiengs*. In *Westrope v. Anderson*, 98 Neb. 57, 58, 151 N.W. 955 (1915), we stated: "The rule of the statute in regard to amendment of pleadings is very liberal . . . ." We continue to adhere to the rule that

the statute is to be liberally construed to permit amendments either before or after judgment in the furtherance of justice.

We can determine no reason why, under the facts of this case, Galilee should not have been permitted to be substituted for New Light. Therefore, we conclude that the district court abused its discretion in refusing to grant New Light's request to amend its petition to substitute the real party in interest.

The judgment of the district court is reversed, and the cause is remanded with directions to permit the substitution of Galilee as the real party in interest.

REVERSED AND REMANDED WITH DIRECTIONS.