JANE H. PROCHASKA, APPELLANT, V.
DOUGLAS COUNTY, NEBRASKA, A MUNICIPAL CORPORATION,
AND STATE OF NEBRASKA, APPELLEES.
619 N.W. 2d 437

Filed November 3, 2000.    No. S-99-759.

Gregory R. Coffey, of Friedman Law Offices, for appellant.

James S. Jansen, Douglas County Attorney, Bernard J. Monbouquette, and, on brief, Karl von Oldenburg, for appellee Douglas County.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Jane H. Prochaska brought this action against Douglas County, Nebraska, seeking damages for an injury she allegedly sustained when she slipped and fell in the rotunda of the Hall of Justice in Omaha. The trial court entered summary judgment in favor of Douglas County, finding that the Omaha-Douglas Public Building Commission (Commission) was responsible for maintaining the rotunda in the Hall of Justice. The court found that the duty to maintain the building was specifically designated under a lease agreement and was by statutory mandate within the province of the Commission. The court denied Prochaska's oral request for leave to amend her petition by adding FBG Service Corporation as a party defendant and dismissed Prochaska's petition. The court subsequently denied Prochaska's motion for new trial and her oral motion to substitute the Commission as a party defendant in place of Douglas County. Prochaska timely appealed.

## SCOPE OF REVIEW

■ In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *O'Connor v. Kaufman, ante* p. 219, 616 N.W.2d 301 (2000).

■ On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Smith v. Paoli Popcorn Co., ante* p. 460, 618 N.W.2d 452 (2000).

## FACTS

On April 21, 1997, Prochaska slipped and fell in the rotunda of the Hall of Justice in Omaha. Prochaska subsequently served notice on Douglas County of a claim under the Political Subdivisions Tort Claims Act. On January 22, 1999, she notified the board of commissioners that since no action had been taken on her claim, she was withdrawing the claim from consideration.

Prochaska then filed suit in Douglas County District Court, alleging that the injury she sustained was due to the negligence

of Douglas County in failing to properly warn of a dangerous condition and in failing to properly supervise, maintain, safeguard, and inspect the rotunda floor to prevent members of the public from slipping on its surface. The State of Nebraska was joined for subrogation purposes only.

Douglas County generally denied the allegations of the petition except for the fact that Prochaska was acting in her official capacity as a county judge when the injury occurred. Douglas County further alleged that it was not in charge of or responsible for maintenance of the Hall of Justice.

On April 7, 1999, Douglas County moved for summary judgment. At the hearing on the motion, Douglas County offered several exhibits that are summarized as follows: Exhibit 1 is a lease agreement dated May 9, 1972, between the Commission as lessor and Douglas County as lessee. The lease provided that the Commission would operate and maintain the Hall of Justice for use by both Douglas County and the city of Omaha. Exhibit 2 is a similar lease agreement between the Commission and the city of Omaha. Exhibit 3 is a fifth supplemental agreement to the leases described in exhibits 1 and 2. This agreement, dated August 23, 1995, allocates responsibility for Hall of Justice security to the Commission. Exhibit 4 is a contract dated September 23, 1996, for custodial services between the Commission and FBG Service Corporation, which contract provides that FBG Service Corporation has the obligation to clean and maintain all floors in the Hall of Justice, including the hallways and rotunda. Exhibit 6 is the affidavit of Eric Pehrson, the administrator of the Commission, which recites that the Commission administers and maintains the Hall of Justice; that the rotunda of the Hall of Justice is under the control of the Commission; that as of April 21, 1997, Floor Brite Services had been hired by the Commission to maintain the waxing and polishing of the rotunda floor; and that the Commission is responsible for the safe condition of the floor.

In opposition, Prochaska offered two exhibits, which in summary provided as follows: Exhibit 7, Prochaska's affidavit, recites that her office is located in a building that is commonly referred to as the "Douglas County Hall of Justice" and that the Hall of Justice houses at least 12 "Douglas County" entities

(probation, conciliation court, court administrator, judges, sheriff, county attorney, public defender, election commissioner, law library, et cetera). The affidavit further states that there is no office in the Hall of Justice that is designated as the "Omaha-Douglas Public Building Commission" and that the Hall of Justice directory contains no such listing. Exhibit 8 is Douglas County's answers to interrogatories and requests for production.

The trial court sustained Douglas County's motion for summary judgment, finding that the duty to maintain the Hall of Justice was within the province of the Commission. The court also denied Prochaska's oral request for leave to amend her petition by adding FBG Service Corporation as a party defendant.

Prochaska subsequently filed a motion to reconsider or, in the alternative, for new trial. At the hearing on this motion, Prochaska's attorney orally requested permission to substitute the Commission as the party defendant. The trial court rejected Prochaska's motion to substitute parties and overruled her motion to reconsider. Prochaska timely appealed.

## ASSIGNMENTS OF ERROR

Prochaska asserts that the trial court erred (1) in granting summary judgment, (2) in finding that Douglas County had no premises liability and owed no duty to her with regard to a personal injury arising from a condition within the Hall of Justice, and (3) in refusing to grant her motion to substitute the Commission as the party defendant.

## ANALYSIS

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *O'Connor v. Kaufman, ante* p. 219, 616 N.W.2d 301 (2000). Summary judgment is proper where the facts are uncontroverted and the moving party is entitled to judgment as a matter of law. *Alegent Health Bergan Mercy Med. Ctr. v. Haworth, ante* p. 63, 615 N.W.2d 460 (2000).

The first issue is whether there is any legal basis to impose liability upon Douglas County. Prochaska argues that Douglas

County, as the owner and occupant of the Hall of Justice, is a proper party and owes a duty of reasonable care to nontrespassers, which duty is nondelegable.

Prochaska relies on *Anderson v. Service Merchandise Co.*, 240 Neb. 873, 485 N.W.2d 170 (1992). In *Anderson*, a retail store customer was injured when an overhead light fixture in the store fell and struck her. Anderson sued Service Merchandise Company, Inc. (Service Merchandise), which had leased the premises from Jewel Companies, Inc. Service Merchandise argued that it lacked exclusive control of the premises because it had hired Sylvania Lighting Services Corporation (Sylvania), an independent contractor, to take care of the overhead light fixtures. After Sylvania had been added as a codefendant, the trial court granted the defendants' motions for summary judgment. We reversed the summary judgment in favor of Service Merchandise and concluded that Service Merchandise was in exclusive control of the premises. Because Service Merchandise possessed and therefore controlled the site of the accident, it had a nondelegable duty to exercise reasonable care for the protection of the plaintiff, a business invitee.

Prochaska argues that *Anderson* is analogous because Douglas County possesses the Hall of Justice and therefore has a nondelegable duty of reasonable care in maintaining the premises for business invitees. Prochaska claims Douglas County was in possession or control of the rotunda because her office is located in a building that is commonly referred to as the "Douglas County Hall of Justice," which houses at least 12 "Douglas County" entities, and because there is no office located in the Hall of Justice that is designated as the "Omaha-Douglas Public Building Commission."

We first consider whether Douglas County could delegate to the Commission the duty of reasonable care with regard to maintenance of the building. A business possessor's duty to use reasonable care for invitees on the premises is a nondelegable duty. *Id.* A business possessor of real estate cannot shift the duty of reasonable care for the premises to an agent or independent contractor employed to maintain all or part of the premises under the possessor's control. *Id.* Liability for breach of a nondelegable duty is an exception to the general rule that

one who employs an independent contractor is not liable for the independent contractor's negligence. *Id.*

In granting summary judgment in favor of Douglas County, the trial court relied upon Neb. Rev. Stat. § 13-1301 et seq. (Reissue 1997). Section 13-1301 states that the purpose of these sections is "to provide a means whereby buildings, structures, and facilities can be acquired, constructed, remodeled, or renovated and financed for use jointly by such cities and the respective counties in which they are located." Pursuant to § 13-1304:

> Any commission established . . . shall have power to:
> (1) Sue and be sued;
> . . . .
> (4) Acquire in the name of the city and county, by gift, grant, bequest, purchase, or condemnation, real property . . . ;
> . . . .
> (11) Make all other contracts, leases, and instruments necessary or convenient to the carrying out of the corporate purposes or powers of the commission.

Section 13-1311 states:

> [T]he city and the county may each:
> . . . .
> (3) Convey or transfer to the commission any property . . . for use in connection with a project . . . . [T]he title thereto shall remain in the city or the county . . . but the commission shall have the use and occupancy thereof so long as its corporate existence continues.

An agreement between Douglas County, the city of Omaha, and the Commission allocated responsibility for the security of the Hall of Justice to the Commission. By contract, the Commission hired FBG Service Corporation to clean and maintain the floors in the Hall of Justice, including the hallways and rotunda. The affidavit from the administrator of the Commission stated that the Commission administered and maintained the Hall of Justice; that the Hall of Justice, including the rotunda, was under the control of the Commission; and that on or about April 21, 1997, the Commission was responsible for the rotunda and the safe condition of its floor. Based on the above-mentioned statutes and the evidence presented, the trial court

concluded that there was no legal basis for liability to Prochaska on the part of Douglas County. The court determined that maintenance of the premises was the legal duty of the Commission at the time of Prochaska's injury.

Our determination of whether Douglas County was a business possessor of the Hall of Justice is a question of law. On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Smith v. Paoli Popcorn Co., ante* p. 460, 618 N.W.2d 452 (2000).

Section 13-1311(3) permitted Douglas County to convey to the Commission the use and occupancy of the Hall of Justice for so long as the Commission's corporate existence continued. Section 13-1304(4) permitted the Commission to acquire in the name of the city and the county real property for its corporate purposes and use. The record establishes that maintenance of the Hall of Justice, including the rotunda, remains the responsibility of the Commission and not Douglas County. Thus, we conclude that Douglas County was not a business possessor of the Hall of Justice and that it owed no duty to Prochaska.

We next consider Prochaska's argument that under the relation-back doctrine, if the Commission was the proper party defendant, she should have been permitted to substitute the Commission as a defendant. Prochaska claims the trial court erred by not allowing her to so amend her petition. In support, she relies upon *Zyburo v. Board of Education*, 239 Neb. 162, 474 N.W.2d 671 (1991), and *New Light Co. v. Wells Fargo Alarm Servs.*, 252 Neb. 958, 567 N.W.2d 777 (1997).

In *Zyburo*, a school guidance counselor sought judicial review of an administrative decision that discharged him from his permanent employment. He filed a petition against the board of education within 30 days after the board's order discharging him, but his amended petition against the school district was not filed within 30 days. Zyburo argued that the substitution of parties did not render the amended petition untimely, since the original petition naming the board of education gave the school district notice of the suit within the 30-day limitations period.

We stated that relation back is dependent upon four factors, all of which must be satisfied: (1) The basic claim must

have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period. *Zyburo v. Board of Education, supra.* The keystone determining whether a change in party defendant relates back to the original pleading is whether the substituted party had notice of the suit within the period of limitations. *Id.*

In denying Prochaska's motion to substitute the Commission, the trial court found that neither the second nor the third factor was present in the case. The court found that Douglas County was not an alter ego of the Commission. Although the court noted that some members of the governing board of the Commission were also members of the governing board of Douglas County, the court concluded it was beyond the "wildest imagination" those members would immediately recognize that the litigation naming Douglas County as a defendant was in error and that the Commission should have been named as the defendant.

Prochaska asserts that the trial court should have permitted the substitution of the Commission as a party defendant because Douglas County and the Commission are inextricably intertwined. We disagree. The Commission is a separate political subdivision. Although there may be mutual members on the governing boards of both entities, it is not reasonable to conclude either that such members would recognize that litigation naming Douglas County as the defendant should have been brought against the Commission or that the Commission was the alter ego of Douglas County.

*Zyburo* is factually distinguishable because there we concluded that for purposes of notice, the board of education and the school district were one and the same. Service upon the board of education gave the school district notice within the limitations period that the district was a party to the action, and the district was not prejudiced by the substitution of its name for that of the board.

.

.

Prochaska's reliance on *New Light Co. v. Wells Fargo Alarm Servs.*, 252 Neb. 958, 567 N.W.2d 777 (1997), is also misplaced. In *New Light Co.*, we allowed the substitution of a party plaintiff as the real party in interest. That factual situation is completely different from one allowing the substitution of a party defendant which has not been served or which did not have notice of the action within the time required by law.

Thus, we agree with the trial court's refusal to permit Prochaska to substitute the Commission as a party defendant. Douglas County and the Commission are separate entities, neither of which is the alter ego of the other. Allowing Prochaska to substitute the Commission for Douglas County would prejudice the Commission in its defense of the litigation.

## CONCLUSION

For the reasons set forth herein, the judgment of the trial court is affirmed.

AFFIRMED.

HENDRY, C.J., not participating.