PHYLLIS H. NEWMAN, APPELLEE, V. WANDA REHR, APPELLEE, AND WILLIAM HARRIS, GARNISHEE-APPELLANT.
630 N.W.2d 19

Filed July 17, 2001.   No. A-00-513.

Dennis E. Martin and Kevin J. McCoy, of Martin & Martin, P.C., for garnishee-appellant William Harris.

Kathy Pate Knickrehm and Craig A. Knickrehm, of Knickrehm Law Offices, for appellee Phyllis H. Newman.

HANNON, INBODY, and MOORE, Judges.

HANNON, Judge.

## INTRODUCTION

This is an appeal in a garnishment proceeding in which Phyllis H. Newman is attempting to utilize a garnishment procedure against William Harris to enforce a judgment she had obtained against Wanda Rehr on the basis of a promissory note that Harris gave to Rehr. In this action, Harris and Newman seek to litigate substantive issues concerning whether a garnishment of Harris based upon that note was proper. Harris appeals from a judgment finding him partially liable to Newman for the amount due on his promissory note to Rehr. We reverse, and remand for a new trial, because the judgment that was entered was rendered by a judge who did not hear the evidence or conduct the trial on the garnishment and hence Harris was deprived of due process of law.

## PROCEDURAL BACKGROUND

The problem presented arose because of the need to use interim judges during the time between the retirement of Judge Lawrence J. Corrigan and the time that Judge W. Mark Ashford took office. Judge James A. Buckley heard cases during the interim. The only proper bill of exceptions before this court is the record of the hearing on Harris' motion for new trial held on April 14, 2000, before Judge Ashford with attorneys for Newman and Harris present. No exhibits were offered at that hearing. That record consists of unsworn statements by the attorneys and the judge. In that record, the attorneys related their version of proceedings had in front of Judge Buckley before Judge Ashford took office, and Judge Ashford related how he came to sign the order which was the subject of the motion for new trial. This information is not a proper substitute for the bill of exceptions of the proceedings before Judge Buckley, but a summary of some of it is necessary for the reader to understand how the issues in this appeal arose. The moral of the narrative is that the fallibility of the memory of lawyers and judges is probably the strongest basis for the rules requiring a complete record of court proceedings.

Newman filed an "Application for Determination of Garnishee Liability" to determine Harris' liability on said note

to Rehr. A hearing was held on that motion before Judge Buckley on September 28, 1999. Judge Buckley denied the garnishment and dismissed that proceeding apparently because the promissory note was not due. Harris attempted to use other defenses at the hearing, but these issues were not considered because the note was not yet due. After the note became due, Newman filed this action, which except for the passage of time, raised the same issues as those presented at the September 28 hearing. The second application came on for hearing on December 20 before Judge Buckley.

We have no record of the December 20, 1999, hearing, but from the statements counsel made at the hearing on the motion for new trial, it is clear that neither the parties nor the judge wanted to go through a second trial in which everyone expected the same evidence to be adduced as was adduced at the September 28 hearing. The bill of exceptions for the earlier trial had not been transcribed on December 20, so the parties agreed that the record would be transcribed and used by the judge as the trial record to try the issues presented by the second garnishment proceedings. The differences in the parties' recollections of that hearing have to do with what procedure would be followed in the submission of the case to the judge after that record was ready for use, that is: Would there be another hearing at which the record would be introduced? Would there be times set for briefing of issues? Such matters are in dispute, but their resolution is immaterial to the resolution of this appeal.

We do not know what Judge Buckley's memory of the parties' stipulation was, but at some point, he wrote a letter to counsel (we do not have a copy of that letter) telling counsel that he had determined that Harris was liable for the full amount of his note to Rehr and that counsel should prepare a journal of that decision. This decision was not entered as a judgment as provided in Neb. Rev. Stat. § 25-1301 (Cum. Supp. 2000). Apparently, about that time, Judge Ashford took office and entered upon his duties, and Judge Buckley ceased his interim service. The details are unclear, but it is clear that Judge Ashford rendered the judgment against Harris by signing a journal which was apparently in accordance with Judge Buckley's determination as stated in his letter to counsel and that the judgment was

entered as required pursuant to § 25-1301. Harris filed a motion for new trial, and he now appeals from Judge Ashford's denial of that motion.

## ASSIGNMENT OF ERROR

Harris assigns several errors pertaining to the substance of Newman's garnishment claim against him and his defense thereto, but we do not list these issues because with the state of the record being as it is, these issues cannot be considered. The decision of one assigned error makes consideration of the remaining assignments of error unnecessary. The error Harris assigned which we consider is that he was denied due process by a judge entering a judgment against him when the judge had no record to review and had no knowledge of the case.

## STANDARD OF REVIEW

■ The determination of whether the procedures afforded an individual comport with constitutional requirements for procedural due process presents a question of law. *Billups v. Nebraska Dept. of Corr. Servs. Appeals Bd.*, 238 Neb. 39, 469 N.W.2d 120 (1991); *State v. Ruisi*, 9 Neb. App. 435, 616 N.W.2d 19 (2000).

■ On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Prochaska v. Douglas Cty.*, 260 Neb. 642, 619 N.W.2d 437 (2000).

## ANALYSIS

In the absence of the record of the hearing where the parties stipulated that Judge Buckley would try the second proceeding on the record of the first proceeding, there is a serious question about whether the record would be sufficient to support a judgment rendered by Judge Buckley, even if he had done the things necessary to render a judgment. Since he did not render a judgment, we need not consider what, if any, validity a judgment by Judge Buckley would have had. Apparently, he indicated his decision to the parties. A situation almost identical to that in this case arises when a judge hears a case, indicates his or her intended decision, but then dies or resigns before the judgment is made final. This issue is then whether a replacement or substitute judge may enter the judgment that the former judge

indicated he or she would have entered. This is an issue of first impression in this jurisdiction, but it and similar questions have been resolved in many other jurisdictions.

We also note that we do not have a copy of Judge Buckley's letter indicating his decision to the parties, and the order that Judge Ashford signed contains no findings of fact, but only a general finding that Newman's motion should be sustained. In the record, Judge Ashford stated: "I, in Judge Buckley's absence, signed the order which brings us here today, but [the order] really is a reflection or the intent of Judge Buckley pursuant to his letter decision that was sent to counsel." Judge Ashford also stated that he did not think he had authority to allow a motion for new trial, and denied the motion. We do not agree that one judge may sign an order for another or that a judge who has proper jurisdiction over a motion for new trial does not have authority to grant a new trial because another judge had been involved.

The cases involving the authority of a successor or substitute judge to render a judgment for a predecessor are thoroughly reviewed in Annot., 84 A.L.R.5th 399 (2000). In general, the majority view holds that in cases tried to a court, a successor or substitute judge may not render a judgment for a predecessor judge who conducted the trial even if the predecessor had indicated the decision that the predecessor intended to make. *Id.* In *In re Marriage of Seyler*, 559 N.W.2d 7 (Iowa 1997), the Iowa Supreme Court was confronted with a divorce case where one judge tried the case and without explanation another judge signed the decree several months later. The court concluded that it must decide whether a judge who decides a case must hear the evidence and whether a judge who hears the evidence must decide the case. It concluded that the answer to both questions is yes.

The court in *In re Marriage of Seyler* based its decision on general notions of due process. It stated: "Due process mandates that persons who are required to settle disputes through the judicial process 'must be given an opportunity to be heard.' " *Id.* at 9 (quoting *Boddie v. Connecticut*, 401 U.S. 371, 91 S. Ct. 780, 28 L. Ed. 2d 113 (1971)). The Iowa court reviewed situations where the judge who tried the case was unavailable and discussed what a successor might do in certain situations to avoid

a compete retrial, but none of these situations are applicable to the case at hand. The court concluded that the parties were deprived of due process by the judge's issuance of a decree when (1) the judge had not presided at trial or heard any testimony and (2) he or she had not reviewed a transcript of the trial testimony because the transcript was not prepared until after the decision. The court concluded that "the rule in Iowa is that a successor judge has no power to render a judgment based on testimony and evidence heard by his or her predecessor." 559 N.W.2d at 10. By this discussion, we are not implying that the parties could not agree to submit a case to a substitute judge upon an existing record.

In the case at hand, the record shows that Judge Buckley had tried the original case and therefore heard the witnesses, and probably heard arguments on the same issues in that trial as the parties were hoping to litigate in the second proceeding. Short of a retrial, no other judge could have the degree of familiarity with the facts and issues that the parties knew Judge Buckley had. Consequently, there is no way that the parties' stipulation to submit the case on the record made before Judge Buckley can be fairly applied or implemented by any judge other than Judge Buckley.

The protections of the procedural due process right attach when there has been a deprivation of a significant property interest. *Prime Realty Dev. v. City of Omaha*, 258 Neb. 72, 602 N.W.2d 13 (1999). If a significant property interest is shown, due process requires notice and an opportunity to be heard that is appropriate to the nature of the case. *Id*. Harris was deprived of a significant property interest by Judge Ashford's order in the garnishment proceeding, and he was denied the opportunity to be heard when Judge Ashford entered a judgment based on evidence Judge Ashford did not hear himself. We therefore conclude that the judgment for Newman which Judge Ashford entered against Harris should be vacated and that the garnishment proceeding should be retried without reliance upon any stipulation for trial which might have been made while Judge Buckley was the judge handling the case.

REVERSED AND REMANDED FOR A NEW TRIAL.