PHYLLIS H. NEWMAN, APPELLEE, V. WANDA REHR, APPELLEE,
AND WILLIAM HARRIS, GARNISHEE-APPELLANT.

638 N.W.2d 863

Filed February 8, 2002.   No. S-00-513.

Dennis E. Martin and Kevin J. McCoy, of Martin & Martin, P.C., for garnishee-appellant.

Craig A. Knickrehm, of Knickrehm Law Offices, and Kathy Pate Knickrehm for appellee Phyllis H. Newman.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

In this proceeding, Phyllis H. Newman attempted to utilize a garnishment procedure against William Harris to enforce a judgment she had obtained against Wanda Rehr. Harris had given a promissory note to Rehr, and Harris sought to litigate the issues concerning whether the garnishment of Harris on the note was proper. The district court found Harris partially liable to Newman for the amount due on his promissory note to Rehr. The Nebraska Court of Appeals reversed the judgment of the district court and remanded the cause for a new trial. The Court of Appeals found that Harris had been deprived of due process of law because a successor judge entered the judgment although the evidence had been heard and the trial conducted by a different judge. See *Newman v. Rehr*, 10 Neb. App. 356, 630 N.W.2d 19 (2001). We granted further review, and we now affirm the decision of the Court of Appeals, albeit on different grounds.

## SCOPE OF REVIEW

■ The determination of whether the procedures afforded an individual comport with constitutional requirements for procedural due process presents a question of law. *Billups v. Nebraska Dept. of Corr. Servs. Appeals Bd.*, 238 Neb. 39, 469 N.W.2d 120 (1991).

■ On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Prochaska v. Douglas Cty.*, 260 Neb. 642, 619 N.W.2d 437 (2000).

■ Upon further review from a judgment of the Court of Appeals, this court will not reverse a judgment which it deems to be correct merely because it may disagree with the reasoning employed by the Court of Appeals. *Corcoran v. Lovercheck,* 256 Neb. 936, 594 N.W.2d 615 (1999).

## FACTS

Newman's first application for determination of garnishee liability against Harris was dismissed by the Douglas County District Court after a hearing on September 28, 1999, because the note being garnished was not yet due. After the note became due, Newman filed a second application for determination of garnishee liability. At a hearing on December 20, the parties allegedly agreed to submit "Ex[hibit] # 11 (transcript of prior proceeding)" as evidence. The district court took the matter under advisement and told the parties that briefs could be submitted.

Before any briefs were submitted or the proceedings transcribed, the trial judge mailed counsel a "[l]etter decision" on February 18, 2000. In the letter, he reportedly directed Newman's counsel to draft and submit an order. A copy of the letter decision is not contained in the record before this court. Included in the record is an order prepared and submitted by Newman's counsel and signed by the successor judge on February 28. The successor judge found that Newman's application for determination of garnishee liability should be sustained and entered judgment in Newman's favor in the amount of $17,989.

Harris filed a motion for new trial, and at the hearing on the motion on April 14, 2000, counsel for each party described his recollection of the prior events. Harris' counsel stated that it was his understanding that the transcription of the September 28, 1999, hearing would be prepared and then briefs would be submitted. Exhibit 11, which is included in the bill of exceptions before this court, indicates that the September 1999 hearing was not transcribed until April 4, 2000.

Newman's counsel stated at the hearing on the motion for new trial that the parties had agreed that because there was no additional evidence to be adduced at the second hearing, the evidence from the first hearing would be submitted in the form of a transcription of the hearing. The parties had also allegedly

agreed to submit briefs, but before any briefs were submitted, the trial judge issued a letter decision on February 18, 2000, stating that he had concluded that Newman's application for determination of garnishee liability should be granted and that judgment should be entered against Rehr for $22,000, less a prior garnishment of $4,011. Newman's counsel argued that the trial judge was entitled to rely on his memory of the evidence at the prior hearing and that the mere absence of the written transcription of the proceedings was not fatal to the judgment. The successor judge denied Harris' motion for a new trial.

## COURT OF APPEALS OPINION

Harris appealed to the Court of Appeals, which noted that the transcription of the September 1999 trial had not been prepared at the time of the December hearing. Prior to receipt of the transcription, the trial judge determined that Harris was liable for the full amount of his note to Rehr and apparently noted the decision in a letter to counsel. However, the letter was not included in the record before the Court of Appeals. The Court of Appeals stated that the decision was not entered as a judgment in accordance with Neb. Rev. Stat. § 25-1301 (Cum. Supp. 2000).

The Court of Appeals addressed only Harris' assertion that he was denied due process because a judgment was entered against him by a judge who had no record to review and who had no knowledge of the case. The Court of Appeals framed the issue as whether a replacement or substitute judge may enter a judgment that a former judge indicated he or she would have entered. The Court of Appeals stated: "We do not agree that one judge may sign an order for another or that a judge who has proper jurisdiction over a motion for new trial does not have authority to grant a new trial because another judge had been involved." *Newman v. Rehr*, 10 Neb. App. 356, 360, 630 N.W.2d 19, 22 (2001).

Reviewing cases in other jurisdictions, the Court of Appeals noted that "the majority view holds that in cases tried to a court, a successor or substitute judge may not render a judgment for a predecessor judge who conducted the trial even if the predecessor had indicated the decision that the predecessor intended to make." *Id.* The Court of Appeals found that the parties' stipulation to submit the case on the record could not be fairly applied

or implemented by any judge other than the judge who initially heard the case.

The Court of Appeals concluded that Harris was deprived of a significant property interest by the successor judge's entry of an order in the garnishment proceeding and that Harris was denied the opportunity to be heard because the successor judge entered a judgment based on evidence he had not heard. It reversed the judgment and remanded the cause, finding that the judgment entered against Harris should be vacated and the garnishment proceeding retried.

## ANALYSIS

Newman asks this court to find that the Court of Appeals erred in holding that Harris' due process rights were denied when a successor judge signed an order reflecting the trial judge's decision. We agree with the Court of Appeals that Harris' due process rights were violated. However, we affirm the decision of the Court of Appeals because the initial trial judge decided the case before the transcription of the proceedings was prepared, and therefore, the trial judge did not have the record before deciding the case.

The trial judge heard the evidence at the September 1999 trial. The parties later stipulated that the trial judge could decide the matter based on a transcription of those proceedings. The trial judge's decision was reportedly announced in a letter mailed on February 18, 2000. The transcription of the September 1999 trial was not prepared until April 4, 2000. The parties had stipulated that the judge who heard the original testimony and observed the witnesses could use the transcription of that hearing to make his decision. However, the record shows that the trial judge decided the case before the transcription had been prepared and before the parties had submitted any evidence to the court.

As the Court of Appeals noted: "The protections of the procedural due process right attach when there has been a deprivation of a significant property interest." *Newman v. Rehr*, 10 Neb. App. at 361, 630 N.W.2d at 23 (citing *Prime Realty Dev. v. City of Omaha*, 258 Neb. 72, 602 N.W.2d 13 (1999)). Due process requires notice and an appropriate opportunity to be heard when a significant property interest has been shown. Harris was

deprived of a significant property interest when the initial trial judge announced the decision in a letter prior to the preparation of the transcription of the evidence and before such evidence was submitted to the court.

The determination of whether the procedures afforded an individual comport with constitutional requirements for procedural due process presents a question of law. *Billups v. Nebraska Dept. of Corr. Servs. Appeals Bd.*, 238 Neb. 39, 469 N.W.2d 120 (1991). On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Prochaska v. Douglas Cty.*, 260 Neb. 642, 619 N.W.2d 437 (2000). Upon further review from a judgment of the Court of Appeals, this court will not reverse a judgment which it deems to be correct merely because it may disagree with the reasoning employed by the Court of Appeals. *Corcoran v. Lovercheck*, 256 Neb. 936, 594 N.W.2d 615 (1999). Although we do not adopt the reasoning employed by the Court of Appeals, this court's independent review of the record indicates that the Court of Appeals reached the correct result.

## CONCLUSION

We affirm the decision of the Court of Appeals, which reversed the judgment of the Douglas County District Court and remanded the cause for a new trial.

AFFIRMED.