STATE OF NEBRASKA EX REL. SYLVIA A. BONNER, APPELLEE,
v. FREDERICK E. MCSWINE, APPELLANT.
709 N.W.2d 691

Filed February 7, 2006.   No. A-05-146.

Frederick E. McSwine, pro se.

Robert E. Harkins for appellee.

SIEVERS, MOORE, and CASSEL, Judges.

CASSEL, Judge.

## INTRODUCTION

Frederick E. McSwine appeals from an order for garnishment entered by the district court for Douglas County based upon a child support judgment originally entered in a paternity action. While we easily reject McSwine's principal argument that an earlier court order vacating a contempt citation somehow affected the validity of the underlying judgment, we ordered this matter submitted without oral argument pursuant to Neb. Ct. R. of Prac. 11E (rev. 2005) and address McSwine's contention that a second district judge had no authority to issue the final order for garnishment.

## BACKGROUND

By a judgment entered on June 21, 1994, McSwine was determined to be the father of two minor children. McSwine was ordered to pay child support at the rate of $184 per month commencing on July 1 and continuing until the support obligation for the first child terminated and at the rate of $164 per month thereafter until the support obligation for the other child terminated.

On March 1, 1995, an authorized attorney filed an affidavit and application seeking to have McSwine held in contempt for failing to pay child support pursuant to the decree. The matter was referred to a district court referee. In due course, the referee recommended that the show cause order be dismissed, and on September 26, a district court judge so ordered. The records and

files in this case show no further activity until August 31, 2004, when an authorized attorney filed an affidavit for garnishee summons. This affidavit alleged that McSwine, who was incarcerated, was now indebted to the State for back child support in the amount of $23,922.82, including interest, and that the garnishee had some of McSwine's property. In response to the garnishee summons duly issued by the district court clerk, McSwine filed an objection in which he claimed that he could not be delinquent in making child support payments because the court had discharged his child support obligation in 1995. On October 1, 2004, a hearing was held before the child support referee, during which hearing McSwine discussed the basis for the objection. The referee continued the hearing in order to review the court's files and records.

On November 8, 2004, prior to resumption of the hearing before the referee, Judge Gregory M. Schatz signed an "Order for Garnishment" which is identical in every respect—except for the date of signing and the judge's signature—to the formal "Order for Garnishment" subsequently signed by Judge Richard J. Spethman. When it became apparent that the November 8, 2004, order should not have been signed because of McSwine's pending objection, such order was vacated by a docket entry on November 17.

The matter was again heard before the child support referee on November 12, 2004. On November 17, the referee filed a report setting forth a finding that court records indicated the 1995 show cause order had been dismissed but that there was nothing within the court files or records to suggest McSwine's underlying child support obligation had ever been dismissed. The referee recommended that the district court "enter the proposed order of garnishment as proffered by the [a]uthorized [a]ttorney."

Also on November 17, 2004, McSwine filed a motion to dismiss in which he again insisted that his child support ob - ligation had been terminated in 1995. The district court treated the motion as an exception to the referee's report. Following a hearing before Judge Sandra L. Dougherty, the district court stated that it had carefully reviewed the matter and had found no indication that the court had previously vacated or terminated

its child support order. By a written order signed by Judge Dougherty, the court overruled McSwine's exception, adopted the referee's recommendation, and ordered the State to submit the proposed order for garnishment. A few days later, for reasons not in the record, Judge Spethman, rather than Judge Dougherty, signed the order for garnishment which, except for the date and signature of the judge, was identical in content to the order first signed by Judge Schatz on November 8. This order stated that the garnishee was indebted to McSwine in the amount of $705.46 and ordered the garnishee to remit that amount to the Nebraska Child Support Payment Center. McSwine appeals to this court.

## ASSIGNMENTS OF ERROR

Summarized and restated, McSwine's assigned errors are that the district court and referee failed to find his child support obligation was terminated in 1995 and that the order for garnishment is invalid because it was signed by a substitute judge.

## STANDARD OF REVIEW

■ Determination of whether procedures afforded an individual comport with constitutional requirements for procedural due process presents a question of law, regarding which an appellate court is obligated to reach its own conclusions independent of those reached by the trial court. *Conn v. Conn*, 13 Neb. App. 472, 695 N.W.2d 674 (2005).

## ANALYSIS

*1995 Proceedings.*

McSwine contends that he cannot possibly be in arrears on his child support obligation because the obligation was terminated in 1995. He argues that he did not receive notice of some of the hearings in the matter and that some of his discovery motions were improperly denied.

■ The record in this case clearly indicates that in 1994, McSwine appeared personally at the hearings, McSwine admitted paternity, and a judgment was entered requiring McSwine to pay child support in periodic installments. While the record shows that a show cause order was dismissed in 1995, the record contains no indication whatsoever that McSwine's child

support obligation was ever terminated. A finding that a judgment debtor is not in contempt does not discharge or otherwise impair the underlying judgment for child support. See, *Eliker v. Eliker*, 206 Neb. 764, 295 N.W.2d 268 (1980); *Maryott v. State*, 124 Neb. 274, 246 N.W. 343 (1933). McSwine's complaints pertaining to the termination of his child support obligation are wholly without merit.

*Substitute Judge.*

■ McSwine asserts that the order for garnishment is invalid because it was signed by Judge Spethman instead of Judge Dougherty, the judge who held the hearing on McSwine's exception to the referee's findings. In making this argument, McSwine has directed us to *Newman v. Rehr*, 10 Neb. App. 356, 630 N.W.2d 19 (2001), *affirmed on other grounds* 263 Neb. 111, 638 N.W.2d 863 (2002), in which this court found that a garnishee had been deprived of due process of law because a successor judge entered the judgment even though the evidence had been heard and the trial conducted by a different judge. This court noted that "the majority view holds that in cases tried to a court, a successor or substitute judge may not render a judgment for a predecessor judge who conducted the trial even if the predecessor had indicated the decision that the predecessor intended to make." *Id.* at 360, 630 N.W.2d at 22.

■ In analyzing the situation in *Newman*, this court relied heavily on Annot., 84 A.L.R.5th 399 (2000), which addressed the power of a successor or substitute judge, in a civil case, to render a decision or enter judgment on testimony heard by a predecessor. The annotation fully reported the decision in *In re Marriage of Seyler*, 559 N.W.2d 7 (Iowa 1997), in which the Iowa Supreme Court reiterated the general rule proscribing a successor or substitute judge from entering judgment in such circumstances. However, the Iowa Supreme Court also noted an exception that the successor judge may sign a judgment or order prepared, but not signed, by the judge to whom the matter had been submitted. This exception recognized that "[t]he purely ministerial act of signing the order was not deemed the exercise of jurisdiction inconsistent with the power of the judge who had the matter under advisement." *Id.* at 11.

■ In the instant case, the matter was initially assigned to a child support referee pursuant to Neb. Rev. Stat. § 43-1608 et seq. (Reissue 2004). Section 43-1613 provides:

> In any and all cases referred to a child support referee by the district court, the parties shall have the right to take exceptions to the findings and recommendations made by the referee and to have a further hearing before the district court for final disposition. The district court upon receipt of the findings, recommendations, and exceptions shall review the child support referee's report and may accept or reject all or any part of the report and enter judgment based on the district court's own determination.

The record reflects that a proposed form of the order for garnishment was submitted by the authorized attorney at some point prior to the resumption of the hearing before the child support referee. The record also shows that a hearing was held before the child support referee, who recommended that an order directing payment of garnished funds be adopted in the form proposed by the authorized attorney. The referee's report also noted McSwine's exception to the report and recommendation. Judge Dougherty held a hearing on the recommendation, received no additional evidence, and took the matter under advisement. Judge Dougherty subsequently signed an order in which she adopted the referee's recommendation, rejected McSwine's exception, denied other motions that he had filed, and ordered the authorized attorney to submit a formal order. By adopting the referee's recommendation—that the proposed order for garnishment "proffered" by the authorized attorney be adopted—Judge Dougherty's order in effect directed the rendition and entry of the same order for garnishment form that had earlier been signed by Judge Schatz by mistake. Judge Dougherty's order was duly entered by the district court clerk. At that point, all that remained was the purely ministerial task of signing the formal order for garnishment that Judge Dougherty had directed to be signed. Although the reason that Judge Dougherty did not immediately sign the "proffered" order for garnishment is not explicitly set forth in the record, it is reasonable to infer that the order for garnishment form furnished by the authorized attorney had already been signed by Judge Schatz and was not available to be signed

by Judge Dougherty until another copy was provided. The formal order for garnishment contemplated by Judge Dougherty's order was then signed by Judge Spethman and entered by the district court clerk.

We find that the circumstances in the instant case are distinguishable from those in *Newman v. Rehr*, 10 Neb. App. 356, 630 N.W.2d 19 (2001), *affirmed on other grounds* 263 Neb. 111, 638 N.W.2d 863 (2002), because of the purely ministerial action of Judge Spethman in signing the formal order for garnishment contemplated by Judge Dougherty. It was Judge Dougherty who reviewed the referee's report containing findings of fact and recommendations, as well as McSwine's exceptions. It was Judge Dougherty who accepted the referee's recommendations, rejected McSwine's exceptions, and made her own determination in the matter. Judge Dougherty then directed the authorized attorney to prepare a formal order for garnishment, and Judge Dougherty's adoption of the referee's recommendation makes it clear that the form of this order was to be precisely the same as the form previously submitted. It was that same form of the order for garnishment that was eventually signed by Judge Spethman.

Judge Spethman's act did not constitute "the exercise of jurisdiction inconsistent with the power of the judge who had the matter under advisement." See *In re Marriage of Seyler*, 559 N.W.2d 7, 11 (Iowa 1997). Our conclusion would be different had Judge Spethman's action " 'involve[d] the exercise of judgment and the application of legal knowledge and judicial deliberation to facts known only to the predecessor.' " See *id.* at 11, quoting 46 Am. Jur. 2d *Judges* § 30 (1994). Instead, Judge Spethman merely signed the order for garnishment that had already been drafted by the authorized attorney, submitted to the child support referee, recommended by the referee for approval, and approved by Judge Dougherty. Under the specific facts of this case, we reject McSwine's argument that the order for garnishment was invalid because it was signed by Judge Spethman.

## CONCLUSION

We conclude that the district court did not err in finding that McSwine's child support obligation had never been terminated.

We further conclude that the district court entered a valid order for garnishment. Accordingly, the district court's order is affirmed.

AFFIRMED.